The State to use of Comfort v. Mason.

THE STATE *to use of* COMFORT, *Administrator, Appellant*, v. MASON *et al.*

1. **Partnership Administration**: EXECUTION. Property in the possession of one as partnership administrator is not subject to seizure on attachment at the suit of the vendor against the surviving partner for the purchase price.

2. **Attachment**: PURCHASING PERSONAL PROPERTY KNOWING IT HAD NOT BEEN PAID FOR: REVISED STATUTES, SECTION 2353. An attachment will lie under Revised Statutes, section 2353, in favor of the vendor of personal property suing for its purchase price against one buying it from the vendee with the knowledge that it had not been paid for, where such right of attachment would exist against such first vendee.

<table>
<tr><td>96</td><td>127</td></tr>
<tr><td>38a</td><td>216</td></tr>
<tr><td>96</td><td>127</td></tr>
<tr><td>41a</td><td>606</td></tr>
<tr><td>41a</td><td>611</td></tr>
<tr><td>96</td><td>127</td></tr>
<tr><td>102</td><td>268</td></tr>
<tr><td>42a</td><td>85</td></tr>
<tr><td>42a</td><td>177</td></tr>
<tr><td>96</td><td>127</td></tr>
<tr><td>45a</td><td>171</td></tr>
<tr><td>46a</td><td>19</td></tr>
<tr><td>96</td><td>127</td></tr>
<tr><td>50a</td><td>568</td></tr>
</table>

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*C. B. Stark*, with *G. M. Stewart*, for appellant.

(1) When the relator was appointed administrator of the firm of Hill & Brown and took charge of the property in controversy as owner, exercising acts of dominion over it, the title vested in him by relation from the time of their delivery, on the principle of ratification. 1 Will. Ex'rs, 632; *Evans v. Evans*, 34 Law R. (Ch. Div). 597; *Brown v. Lewis*, 9 R. I. 497; *Foster v. Bates*, 12 M. & W. 226; *Bodger v. Arch*, 10 Exch. 333; *Outlaw v. Farmer*, 71 N. C. 31, 35; *Alvord v. Marsh*, 12 Allen, 603; 3 Will. Ex'rs, (Perkins' Ed). 1659. (2) The rule that lawful possession of personal property creates a presumption of ownership in the possessor operates against any one disturbing that possession; unless he can show a better title in himself, he will not be permitted to show that a stranger has title.

*State ex rel. v. Hope*, 88 Mo. 430 ; *Weeks v. Etter*, 81 Mo. 375 ; *Summons v. Austin*, 36 Mo. 307 ; *Smith v. Lydick*, 42 Mo. 209 ; 2 Greenl. Ev. sec. 637.

*Krum & Jonas* for respondents.

(1) The possession of the property in controversy created only presumptive evidence of title in the appellant, which was open to rebuttal on the part of the respondents. To this effect are all of the cases cited by the appellant. *Sate ex rel. v. Hope*, 88 Mo. 430 ; *Weeks v. Etter*, 81 Mo. 375. (2) Upon the question of title, the court properly submitted the matter to the jury. The instruction given by the court of its own motion submitted to the jury all questions covered by the instructions asked by the appellant and refused by the court. (3) The jury found for the respondents upon the facts adduced in evidence. (4) The record presents merely the familiar case of conflicting evidence as to matters of fact. Such being the situation, this court will not undertake to determine the weight of evidence. (5) The rule of administration sought to be invoked by the appellant can have no application in this case. The case rather falls within Revised Statutes, section 2353, and *Parker v. Rhodes*, 79 Mo. 91.

NORTON, C. J.—The facts disclosed by this record are as follows : That about the fifteenth of March, 1882, Eliza Hill and Augustus R. Brown entered into partnership for carrying on the wall-paper business in the city of St. Louis ; that both of said partners resided in the state of Tennessee, and that neither of them at any time gave their personal attention to said business, but appointed as their agents to represent them John W. Hill and Charles M. Brown, who carried on the business in the name of Hill & Brown ; that in October, 1882, Augustus R. Brown, one of the partners and principals, died, and after his death, the said John W. Hill

and Charles M. Brown continued to carry on the business at the same place, using the stock of goods on hand when he died, gave orders for goods, drew checks, executed promissory notes, and conducted the business in all respects as if said Augustus R. Brown were alive. It further appears that in July, 1883, C. D. Comfort was appointed administrator of the partnership estate of said Hill & Brown, who proceeded to inventory the assets of the firm, and took possession of the same. It also appears that in August, 1883, defendant Mason, as sheriff, levied certain writs of attachment on a portion of the goods thus inventoried and in possession of said Comfort as administrator of the partnership estate. These writs of attachment were issued in suits brought by the vendors against Eliza Hill, for the purchase price of the goods ordered by the agents of said firm, and this suit is brought by said Comfort on the bond of defendant as sheriff to recover the value of the goods seized by him and taken out of said Comfort's possession.

On the trial plaintiff introduced evidence tending to show, that while said J. W. Hill and C. M. Brown were carrying on said business in the name of Hill & Brown, they gave orders for a part of the goods in controversy before the death of Augustus R. Brown, and for the rest of them afterwards, and that all of them were delivered after the death of said Augustus; that the goods were ordered and shipped in the name of Hill & Brown. On the part of defendants, the evidence tended to show that all of the bills sued upon in the attachment suits were for goods ordered by J. W. Hill and C. M. Brown, after the death of said Augustus, and that all of the goods levied on under said attachments were ordered after the death of said Augustus.

The theory on which the case was tried is shown by the following instructions given by the court of its own motion, viz.: The first instruction directs the jury to

find for plaintiff the fair market value of the property seized by defendant Mason under the writs of attachment, if they believed from the evidence that the property so seized at the time of its seizure was partnership property.

The second, third, fourth and fifth are as follows:

"2. In determining what portion, if any, of the property seized by sheriff Mason was partnership property of Hill & Brown, or should be treated by you as part of the assets of said firm, the court instructs you as follows: (1) That any of the property taken by the sheriff which you may believe was in the possession of Hill & Brown, and formed part of their stock when A. R. Brown died, should be treated as partnership property; (2) that such of the property taken by the sheriff, if any, as you may believe was purchased by either J. W. Hill or C. M. Brown after the death of A. R. Brown, and that was paid for out of the assets of that firm as they existed at the death of A. R. Brown, should be treated and found to be partnership property of Hill and Brown; (3) that any of the property in question which you may believe had been contracted for by the firm of Hill & Brown or their agents prior to the death of A. R. Brown, and was subsequently delivered in pursuance of such contracts, should be found to be partnership property of Hill & Brown, even though it was not delivered until after the death of A. R. Brown, and has not yet been paid for; (4) and lastly, that any of the property taken by the sheriff, which you may believe was purchased by J. W. Hill and C. M. Brown, and Eliza Hill or either of them, subsequent to A. R. Brown's death, and was by them, or either of them, so mingled with similar property of Hill & Brown that it could not be distinguished therefrom, should be treated and found by you to be property of the last-named firm.

"3.   On the other hand, the court instructs you that to entitle plaintiff to a verdict, the burden is on him to

show that the whole, or some part, of the property mentioned in the petition was, at the time of the levy, partnership property of the firm of Hill & Brown, and to entitle him to a verdict beyond a nominal sum, he must furthermore show to your reasonable satisfaction the value of the property taken which belonged to Hill & Brown.

"4. If you find from the evidence that after the death of A. R. Brown, J. W. Hill and C. M. Brown, or either of them, made purchases of wall paper, which has not been paid for, and that the paper so purchased formed the whole or a part of that taken by defendant Mason under the writs of attachment, then as to such property purchased after A. R. Brown's death there can be no recovery in this case, unless you find that it was by said J. W. Hill and C. M. Brown so mingled with other similar property of the firm of Hill & Brown that it could not be distinguished therefrom.

· "5. The court instructs that possession in personal property by any person creates a presumption of ownership by the party so in possession. If, therefore, the plaintiff has proven in this case that C. D. Comfort, as administrator of Hill & Brown, was in peaceable possession of the property in dispute, when the levy was made, and was holding it as part of the assets of that firm, the burden is thereby cast on defendant to show that it was not, in point of fact, the property of Hill & Brown."

The plaintiff asked certain instructions, to the effect that if the goods in question had been inventoried as partnership assets, and taken possession of by said Comfort, that this of itself amounted to a ratification of the unauthorized purchase of the goods by said agents Hill & Brown, and was sufficient to make said goods firm assets although not paid for by him. These instructions were refused, and it is insisted that the court erred in refusing them, and in giving the instructions it did of its own motion. This contention we think is not wel founded.

By section 2353, Revised Statutes, it is provided that: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution except in the hands of an innocent purchaser for value without notice of the existence of such prior claim for the purchase money."

In *Parker v. Rhodes*, 79 Mo. 91, it is said that this statute would probably, where the purchase price of personal property was unpaid, authorize the vendor, under circumstances justifying a suit by attachment against the vendee, to seize such property in the hands of a third person purchasing with notice that the property had not been paid for. If after the seizure of the goods in question by attachment, at the suit of the vendor for the unpaid purchase price, Comfort had appeared and claimed the goods under the facts proved, and had admitted that they had not been paid for and that his only claim to them was based on the fact that he as administrator had inventoried them as partnership assets and taken possession of them as such, we can see no just ground on which such claim could be successfully maintained.

We are of the opinion that the judgment is for the right party and it is hereby affirmed. All concur, except RAY, J., absent.