JOHN BOYD *et al.*, Respondents, v. THE J. M. WARD FURNITURE, STOVE AND CARPET COMPANY, Defendant, AND MULLANPHY SAVINGS BANK, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Trial:** JUDGMENT BEFORE RETURN· TERM OF WRIT. Judgment may be entered under Revised Statutes, 1879, section 3658, before the return term of the writ, and may be for the full amount claimed in the petition.

2. **Sales :** STATUTORY LIEN FOR PURCHASE PRICE. Under Revised Statutes, section 2353, a levy on property under an execution, issued upon a judgment against a purchaser, for the purchase price of the property, takes precedence over other prior levies on the same property.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Rassieur & Schnurmacher*, for the appellant.

The court erred in granting plaintiffs' motion. The judgment on which the execution was issued was void as to other attaching creditors. It was evidently intended as a judgment by confession, without complying with the law regulating such judgments. *Gilbert v. Gilbert*, 33 Mo. App. 259. The judgment cannot be sustained under section 3658. That statute was plainly intended to enable the entry of a judgment on a compromise. In this case there was no pretense of a compromise or

adjustment. The defendant entered its voluntary appearance to the attachment suit nearly three months prior to the return day of the writ, and offered, under a statute to encourage compromises, to permit plaintiffs to take judgment for the full amount claimed and costs.

*Silas B. Jones*, for the respondents.

Section 2353, Revised Statutes, 1879, is applicable to this cause, and confers a priority over the other levies on the property in question. *Bolckow M. Co. v. Turner*, 23 Mo. App. 102; *Norris v. Brunswick*, 73 Mo. 256; *Parker v. Rhodes*, 79 Mo. 88; *State to use v. Mason*, 96 Mo. 127; *Deere v. Marsden*, 88 Mo. 512; *State to use v. Orahood*, 27 Mo. App. 496; *O'Connor v. Alexe*, 28 Mo. App. 184. The judgment of plaintiffs is not invalid, it being authorized by Revised Statutes, 1879, section 3658. *Emery v. Emery*, 9 How. Pr. 130; *Kilts v. Seeber*, 10 How. Pr. 270; *Bridenbecker v. Mason*, 16 How. Pr. 203; *Ross v. Bridge*, 15 Abb. Pr. 150; s. c., 24 How. Pr. 163; *Beards v. Wheeler*, 11 Hun. 539; s. c., 76 N. Y. 213.

ROMBAUER, P. J., delivered the opinion of the court.

The questions of law presented by this appeal arise upon the following uncontroverted facts: The Mullanphy Savings Bank instituted suit by attachment against the defendant furniture company, and, upon the writ issued thereon, caused the seizure of a lot of carpets. Three days later, the plaintiffs also brought suit by attachment against the furniture company, and caused the writ issued thereon to be levied on the same property, subject to the lien of prior levies. Four days after the institution of the suit of the plaintiffs, the furniture company made a written offer to plaintiffs to allow them to take judgment against it for thirty-eight hundred and five dollars and seventy-seven cents, being the full amount claimed by plaintiffs, which

offer the plaintiffs accepted on the same day, and judgment was entered forthwith accordingly. The plaintiffs caused an execution to be issued on this judgment, and requested the sheriff to levy it upon certain goods, then in his custody under the attachment writ, issued at the instance of the bank, and to levy such execution upon such property, free from the lien of prior writs, averring that their judgment was obtained for the purchase money of the goods thus ordered to be seized, and hence their execution was entitled to priority under the provisions of section 2353 of the Revised Statutes. The sheriff refused to comply with this request, whereupon the plaintiffs applied for an order of court directing him to do so. Upon notice to the bank, and a full hearing of all the facts in presence of the parties interested, the court made the order as prayed for by plaintiffs, and the bank appeals.

It was shown, upon the hearing of the plaintiffs' application, that their execution was for the unpaid purchase money of the goods, on which they claimed an exclusive lien. It was further shown that the offer to allow judgment to go, and the acceptance of such offer were in good faith, and that the proceeding was resorted to solely for the purpose of obtaining a judgment and execution in the speediest and most economical manner warranted by law, and that this method of terminating the action was not even in contemplation of the parties when the plaintiffs instituted their suit by attachment.

It will be thus seen that two questions are presented by this appeal: *First.* Is the judgment, obtained by plaintiffs, one authorized by the provisions of section 3658 of the Revised Statutes? *Second.* Is the execution issued upon a judgment for the purchase price of personal property, when levied upon the property sold, entitled to precedence over senior attachments levied on the same property?

The section, above-mentioned, is as follows : "The defendant in any action may, at any time before trial or judgment, serve upon the plaintiff an offer, in writing, to allow judgment to be taken against him for the sum, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof, within ten days, he may file the offer, and an affidavit of notice of acceptance, and judgment shall be entered accordingly. If the notice of acceptance be not given, the offer shall be deemed withdrawn, and shall not be given in evidence, or commented on, before a jury; and, if the plaintiff fail to obtain a more favorable judgment, he shall pay the defendant's costs from the time of the offer."

The appellant contends that the facts of this case show that the judgment was substantially one by confession, and, if upheld as valid, the parties to any controversy would hereafter resort to the provisions of this section, as a convenient method of avoiding the affidavit and other safeguards, having special reference to judgments by confession ; that the statute was intended to cover those cases only, where the compromise of a claim was to be effected, and for that reason a judgment for the full amount sued for and costs is not within its contemplation. There is no force in this argument, The plaintiffs availed themselves of a right which one statute gives to them in express terms, and it is no answer to say, that, if they had pursued the provisions of another statute, their judgment would have been formally invalid. We are aware of no rule which makes one statute of greater force or dignity than another. It is only where the acknowledgment of the debt is made, in the absence of an action pending, that the judgment is formally one by confession.

There is nothing in *Gilbert v. Gilbert*, 33 Mo. App. 259, opposed to this view. We held in that case that the defendant in an attachment could not, by his voluntary appearance before the return term, confess the

grounds of attachment, so as to affect other attaching creditors. In so holding, we merely declared the well-settled law. Wade on Attachment, section 220; Drake on Attachment, 250. If we went further and held that judgment void otherwise, we did so because the case was before us for review upon evidence heard on motion in the court below, and upon such evidence we found that the judgment was collusive and fraudulent in fact against creditors, being unsupported by a valid consideration.

In New York, where a statute, identical with section 3658 of our statutes, was in force, long anterior to its adoption in this state, the courts have uniformly held that the section is a substitute for the common-law method of *cognovit actionem*, whereas a judgment by confession is a substitute for a judgment by warrant of attorney (*Beards v. Wheeler*, 11 Hun. 539, affirmed, 76 N. Y. 213), and also held that the fact that the offer is for the whole of the plaintiff's demand does not affect the validity of the judgment. *Ross v. Bridge*, 24 How. Pr. 163. It results that the first point must be ruled against the appellant.

Conceding, therefore, that the plaintiff's judgment and execution were valid, the next proposition to be decided is, whether such execution could be levied upon the property sold, so as to entitle it to precedence over senior attachments levied on the same property. This proposition was not pressed in argument by the plaintiff's counsel, but it necessarily embraced in his first assignment of errors that the court erred in granting the plaintiff's motion.

Section 2353 of the Revised Statutes of 1879 provides: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, *and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without*

*notice of the existence of such prior claim for the purchase money."* It may be argued on the one hand that this provision is found among the sections providing for exemptions claimable by the debtor, and that its literal interpretation is at war with the general policy of the law in regard to sales, as indicated by the provisions of sections 2500, 2505 and 2507 of the same statutes, which make a secret reservation of any right in goods in the possession of another void as to creditors of the vendee, as well as subsequent purchasers. It may also be said that secret rights in the nature of an inchoate lien are against the general policy of the common law, as affecting the safety of trade, and working a revolution in its accepted usages. On the other hand, it may be said that the courts cannot set aside the unambiguous provisions of a statute, simply because, in their opinion, it is opposed to the policy of other statutes ; that statutes are of the same dignity, and that it is for the legislature, and not for the courts, to establish rules of public policy on all subjects. We are free to say that if the question was one, in the consideration of which we were unembarrassed by previous rulings of the supreme court, we might possibly hold, that the case at bar, while strictly within the letter, is not within the spirit or equity of the statute. The discussion by the federal courts of a statute creating priorities in favor of the government, to which we referred in *United States v. Hahn,* 37 Mo. App. 580, seems to furnish an intelligent analogy, why in this class of cases, at times, the letter of the statute should yield to its evident equity. But even if we had this inclination we are not at liberty to follow it, in view of the repeated intimations of the supreme court, adhering to the literal interpretation of the statute. The section, as originally enacted in 1874, made personal property subject to execution for the purchase price thereof, regardless of exemption rights, as between the vendor and his representatives and the purchaser. As thus enacted, it was

a mere exception to exemptions granted the debtor in other parts of the statute. The first reference made to the meaning of the statute in its present form, was in *Norris v. Brunswick*, 73 Mo. 258, where Judge HOUGH, speaking for the court, says: "The statute now in force on this subject differs very materially from the act of 1874, and has a much broader scope, and cannot be deemed to be a mere legislative interpretation of the former act." This was followed in *Parker v. Rodes*, 79 Mo. 91, where the court, speaking through Judge NORTON, referring to the statute of 1879, says: "Under this statute, the vendor of personal property, who had obtained a judgment against the vendee, might seize the property on execution in the hands of a purchaser thereof with notice that the purchase price had not been paid;" thus distinctly intimating that the statute, in the opinion of the court, was not merely a statute of limitation of exemptions in favor of the vendee, but also one determining the priority of rights and title between the vendor and those claiming under the vendee. This declaration was followed by *State to use of Comfort v. Mason*, 96 Mo. 132, where goods had been sold to a partnership, and attached in the hands of the administrator of the firm in a suit against the surviving member of the firm. The statement of the case, embodied in the opinion, lacks the usual clearness of Judge NORTON's statements, but it sufficiently appears from the opinion that the court intended to, and does, re-affirm its former ruling, that the statute is not only a statute of exemption, but a statute determining priorities.

What little has been said by this court on the subject, is in the direction of giving the statute a literal interpretation. (*O'Connor, etc., Co. v. Alexe*, 28 Mo. App. 184; *State to use v. Orahood*, 27 Mo. App. 496, 499); so is the decision of the Kansas City Court of Appeals in *Bolckow Mill Company v. Turner*, 23 Mo. App. 103. It is worth of remark, that the legislature,

at its recent revising session, with all these decisions before it, showing what interpretation the courts put upon the statute, saw fit to retain its exact phraseology.

In reply to an argument based on the inconvenient result of this interpretation of the law, which has been strongly pressed upon our attention, we may say that such argument is inadmissible where the statute is unambiguous. The greatest of American jurists, with that remarkable clearness which distinguishes all his utterances, thus disposes of the argument *ab inconvenienti :* "Where great inconvenience will result from a particular construction, that construction is to be avoided, unless the meaning of the legislature be plain; in which case it must be obeyed." [Chief Justice MARSHALL in *United States v. Fisher*, 2 Cranch., 386.] In the case of *Brandling v. Barrington*, 6 Barn. & Cres. 467, Lord TENTERDEN says: "I cannot forbear observing, that I think there is always danger in giving effect to what is called the equity of a statute, and that it is much safer and better to rely on and abide by the plain words." So Chief Justice TINDAL, in *Everett v. Wells*, 2 Scott, N. R. 531: "It is the duty of the courts to confine themselves to the words of the legislature, nothing adding thereto, nothing diminishing." It seems, indeed, a self-evident proposition that the laws and liberty of a nation would stand but on a slender foundation, if the judiciary would assume the power of first finding an ambiguity in a law where none exists, and then the power to resolve that ambiguity according to its own notions of right and expediency.

On the other hand, we cannot see how the supposed ambiguity in this law could be removed on any principle of legal construction. If an additional provision is to be added by the court, to the meaning of the words in their ordinary sense, that additional provision must be certain, and one which clearly emanates from the law itself. Where, with equal reason, several distinct and

different provisions may be added, that fact, in itself, is a conclusive reason for holding that none should be added; because, whatever the true construction of the law may be, no one can logically contend that its true construction can be more than one. The question for the courts is, what does the law mean, and not what it does not mean.

We have thus discussed the subject in all its bearings, because we are fully aware of its importance to the commercial community, and because we are of opinion that the result, at which we are forced to arrive, is not in harmony with the general policy of our laws on the subject of sales. At the same time we must recognize the paramount power of the legislature to engraft on such general policy whatever exceptions it sees fit to engraft. The preference, which the law in the case at bar gives to the vendor, is one which the vendee may give him at any time, without the aid of the statute, in the absence of intervening attachments. The attachment lien itself is a mere creature of the statute, and, since the legislature can abrogate it altogether at any time, it would be folly to say that it cannot subordinate it to another meritorious claim, or that it has not done so, when the language of the statute admits of no other definite interpretation.

These considerations lead to the conclusion that there was no error in the judgment of the court, and that it should be affirmed. So ordered. All the judges concur.