CORNING & Co., Respondent, v. THE RINEHART MED-
ICINE Co., Defendant; THE GERMAN-AMERICAN
BANK, Interpleader, Appellant.

Kansas City Court of Appeals, May 25, 1891.

1. **Fraudulent Conveyances**: SELLER'S LIEN : MORTGAGE: ATTACH-
MENT: STATUTE OF EXEMPTIONS. The statute making personal
property subject to exemption for the purchase price is one of
exemption only, and is not a statute conferring a lien, or establish-
ing priority among creditors ; and creditors for the purchase price
of personal property stand on terms of exact equality with general
creditors, between whom the prior lien holds as it would were the
statute not in existence, and the vendor cannot follow the property
beyond his vendee as against the claim of anyone save a purchaser
with notice. If a creditor in good faith takes a mortgage without
notice of the unpaid purchase price of the mortgaged goods, he
has a superior lien to the subsequent attachment for the purchase
price. (*Following Straus v. Sole Leather Co.*, 14 S. W. Rep. 940.)

2. **Possession**: RECORD OF ATTACHMEMT. Though the mortgagee
of chattels may not take possession, yet, if before the levy of an
attachment, the mortgage is filed for record, the lien thereof
attaches in preference to the attachment.

3. ——— : SELLER'S LIEN : MORTGAGE : ATTACHMENT. In case the
mortgagee had knowledge of the purchase price being unpaid at
the time of the creation of his debt, whether he should still be
regarded as a purchaser with notice within the purview of the
statute, or rather as a lienor taking precedence according to the
time of lien, *quære.*

*Appeal from the Buchanan Circuit Court.*—HON.
HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*H. S. Kelley*, for appellant.

(1) The court erred in refusing instruction, num-
bered 1, asked by the interpleader. The plaintiff had
no lien on the goods for the purchase price. *Straus v.*

*Leather-Pad Co.*, 14 S. W. Rep. (Mo.) 940; *Parker v. Rhodes*, 79 Mo. 88; *Norris v. Brunswick*, 73 Mo. 256; *Haworth v. Franklin*, 74 Mo. 106; *Range Co. v. Alexe*, 28 Mo. App. 184; *Woolfolk v. Kemper*, 31 Mo. App. 421. (2) The court should have given instruction, numbered 2, asked by interpleader. A mortgagee in a mortgage to secure an antecedent debt is a purchaser for value. *Wine Co. case*, decided at last term, should be overruled. (1) The court erred in refusing instruction, numbered 3, asked by interpleader. If the mortgage be recorded, or if the goods be delivered, the mortgage is not fraudulent in law. R. S. 1889, sec. 5176. Recording alone is sufficient. *State ex rel. v. Cooper*, 79 Mo. 464. Or, if the goods be delivered before the attachment is levied. *Petring v. Dry-Goods Co.*, 90 Mo. 649; *Greeley v. Reading*, 74 Mo. 309; Jones, Chat. Mort., sec. 178.

*James Limbird*, for respondent.

(1) The court committed no error in refusing instructions asked by interpleader. The allegation of fraud in plaintiff's answer to interplea was clearly proven. The court was bound to find against the interplea and for plaintiff. *Shaw v. Tracy*, 83 Mo. 224; *Crane v. Timberlake*, 81 Mo. 432; *Stewart v. Nelson*, 79 Mo. 522; *Bohanan v. Combs*, 79 Mo. 305; *Stone v. Spencer*, 77 Mo. 356; *Shelley v. Boothe*, 73 Mo. 74. (2) There was no such change of possession as is required by law. *Claflin v. Rosenberg*, 42 Mo. 439; *Lessen v. Herriford*, 44 Mo. 323; *Howe v. Taylor*, 52 Mo. 597; *Bishop v. O'Connell*, 56 Mo. 158; *Wright v. McCormick*, 67 Mo. 426. (3) The sale of the property, goods and accounts by the German-American Bank, mortgagee, to J. R. Fitzsimmons, its agent and trustee, was evidence of fraud and a violation of the express terms of the mortgage. (4) Personal property unpaid for can be recovered under attachment. 96 Mo. 127.

ELLISON, J.—This action is based on an account for the purchase price of the property in dispute herein, and was begun by attachment. Defendants were merchants in the city of St. Joseph. Plaintiffs sold and shipped to them from Cincinnati a lot of merchandise. Before the arrival of the goods at St. Joseph, defendants mortgaged them, with others in stock, to the German-American Bank who is interpleader herein to secure a pre-existing debt. The result below was for plaintiff, and was based on the following finding of facts by the trial judge: "The court in this case finds the facts to be that the consideration for the mortgage to the interpleader mentioned in evidence herein was an antecedent debt, due to said bank by Rosegrant and Rinehart; that the goods and personal property mentioned in evidence in controversy here were not in the possession of the mortgagor at the time said mortgage was given; that one Fitzsimmons, who had previously been engaged in said store in the employ of said Rinehart Medicine Company, was left in charge of said store by said mortgagee, and that no sign was put up or other act done by either the mortgagee or mortgagor indicating any change of the possession of said store or goods, from the date of said mortgage, to-wit, the tenth day of December, until the eighteenth day of said month when said mortgage was filed for record; that afterwards the goods and merchandise attached in this case came into the said store so formerly occupied by said Rinehart Medicine Company, and into the possession of said Fitzsimmons, who claimed to hold them as agent of the interpleader; that this suit is brought to subject said property to the payment of the purchase price; that the mortgage under which interpleader claims the goods recited that the goods were not then (at the time of the execution of the mortgage) in the possession of the said mortgagor, but had before that time been ordered from said Corning & Co.; that after the commencement

of this suit the said mortgagee sold all of said goods, except such as were attached in this case, to said Fitzsimmons, for $2,000 ; that no credits were placed on said note secured by said mortgage to interpleader, for any goods or merchandise sold by him, the said trustee, during the time he was in said store as trustee for interpleader, and prior to time of said sale by interpleader to him ; that when said stock was sold by interpleader to said Fitzsimmons, there was a memorandum made on said note reciting the receipt of $2,000, and which was, if anything, a credit of $2,000 on said note."

The court refused a declaration of law, that if "the interpleader took possession of said property under said mortgage, and held possession of the same at the time of the taking of the same under the attachment process read in evidence, and that said mortgagee took and received said mortgage in good faith, without notice of the indebtedness of the Rinehart Medical Company, to plaintiff in the attachment, and that said mortgage was given to secure an antecedent debt owing to the mortgagee, interpleader, from James H. Rinehart and one Wm. Rosegrant, for $4,000, evidenced by the promissory note read in evidence, the finding must be for the interpleader."

"2. The court declares the law to be that a chattel mortgage given for an antecedent debt is founded upon a valuable consideration, and the mortgagee is a purchaser for value, and stands upon the same footing as if the mortgage had been given to secure a debt created at the time of the execution of the mortgage."

I. The court in all probability based its judgment on section 2353, Revised Statutes, 1879, now section 4914, Revised Statutes, 1889, as construed in the cases of *Norris v. Brunswick*, 73 Mo. 258 ; *Parker v. Rhodes*, 79 Mo. 88 ; *State v. Mason*, 96 Mo. 127 ; *Bolckow Milling Co. v. Turner*, 23 Mo. App. 103 ; *Boyd v. Furniture Co.*, 38 Mo. App. 210. These cases have been considered as having established a construction of that

section which carried it further than a mere statute of exemptions. The statute reads: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." In *State v. Mason*, an attachment for the purchase money by the vendor was sustained against the surviving partner of a firm who as administrator of the partnership effects had taken possession of and inventoried them, before the levy of the attachment. In *Bolckow Milling Co. v. Turner*, and in *Boyd v. Furniture Co.*, a vendor's execution for the purchase price was held superior to the prior attachment of general creditors. All these cases, in so far as they may establish priority among creditors and priority of liens, are overthrown by the recent decisions of the supreme court in *Straus v. Sole Leather Co.* (not yet reported). That case declares the statute to be one of exemptions only, and not a statute conferring a lien or establishing priority among creditors.

This court pursuing the same line of construction established as above shown, held in the recent case of the Napa Valley Wine Co. *v.* these defendants and this interpleader, that, as the interpleader's mortgage was to secure an antecedent debt, it was not a purchaser for value, and therefore fell within the terms of the statute permitting the vendor to seize property for the unpaid purchase price in the hands of all those save innocent purchasers for value. In other words, an attachment for the purchase price was permitted to take precedence of the lien of a prior chattel mortgage, securing an antecedent debt. This cannot now, under the case of *Straus v. Sole Leather Co.*, *supra*, be considered as the law in this state. I understand that, so far as liens or priorities are concerned, creditors for the purchase price of personal property stand on terms of exact equality

with general creditors. Between them the prior lien holds as it would were the statute not in existence. So that now, instead of the law being that the vendor could follow the property for the purchase price into the hands of every one save an innocent purchaser for value, it is more properly stated that the vendor cannot follow property beyond his vendee, as against the claim of anyone save a purchaser with notice.

Our conclusion, therefore, is in this case that if interpleader in good faith took its mortgage without notice of the unpaid purchase money, as hypothetically stated in the foregoing instruction, it was a superior lien to the subsequent attachment for the purchase price, and that the instruction should have been given.

II. If on retrial the court should find that interpleader did not take possession of the mortgaged property on their arrival at St. Joseph, or that it did not afterwards take such possession, yet, if before the levy of plaintiff's attachment the mortgage was filed for record, the lien thereof attached in preference to the attachment.

III. Since a general creditor may attach (if he has cause), and his attachment lien will hold against the vendor's subsequent execution for the purchase price, or as he may bring suit, obtain judgment and execution, and this execution will take precedence over the vendor's subsequent execution, and as the effect of the decision in *Straus v. Sole Leather Co.*, especially when considered in connection with the cases it overrules, is that this may be done notwithstanding the creditor knew the purchase price was not paid, it may be suggested that, in case a mortgagee had such knowledge at the time his debt was created, he still would not be regarded as a purchaser with notice within the purview of this statute, but rather as a lienor taking precedence in accordance with the time of his lien. This suggestion is not a necessary question in this case, and we reserve any opinion thereon.

The judgment is reversed and the cause remanded.