Finke & Nasse v. Pike.

FINKE & NASSE, Appellants, v. W. J. PIKE, Defendant;. J. W. JAMISON, Interpleader, Respondent.

Kansas City Court of Appeals, June 13, 1892.

1. **Fraudulent Conveyance**: INCREASED AMOUNT OF SECURED DEBT. A note secured by a mortgage on a stock of goods was for $300, when the debt was in fact only $250, the extra $50 being added at the suggestion of the justice drawing the papers, to cover the expense of closing out the goods. *Held*, such excess did not vitiate the mortgage, especially as the jury under proper instruction on the issue found against any fraud in the matter.

2. ————: SELLER'S LIEN FOR PURCHASE MONEY: ATTACHMENT: PRIORITIES: STATUTE. A prior chattel mortgage will hold against a subsequent attachment, even though the latter be for the purchase price of the goods so attached; and that, too, though the prior mortgagee had knowledge of such claim by the subsequent attaching creditor, as the statute, section 4914, Revised Statutes, 1889, merely relates to exemptions from executions, and does not confer a lien nor establish priority among creditors.

3. **Mortgage**: DESCRIPTION: POSSESSION. The description in this. case is sufficient to identify the goods and warn the public; and, besides, the immediate actual possession rendered unnecessary the description required by the registration laws.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Geo. Robertson*, for appellants.

(1) The verdict is against the law and the facts of the case. The fact that the note and mortgage had $50 put into it to return to Jamison invalidates the whole transaction, and renders the mortgage fraudulent *per se.* It is void *in toto.* R. S. 1889, sec. 5169; *Hanna v. Finley*, 33 Mo. App. 645. The fact of this $50 being put into the mortgage took from it all question of good

faith. Hence, each of the interpleader's instructions that submitted the question of good faith to the jury was error. (2) The description of the property was not sufficient to be identified by it. The mortgage was, therefore, inoperative. *Stonebraker v. Ford*, 81 Mo. 532; *Chandler v. West*, 37 Mo. App. 192. (3) Under the statute, the plaintiffs had a right to all the merchandise in the store that they had sold, and were not paid for, to pay their debt with. Interpleader admitted that he knew defendant Pike owed the plaintiffs for a large part of the goods in the store; hence, he was not an innocent purchaser as to these plaintiffs at the time he took his mortgage. The plaintiffs were entitled to hold the property to pay their debt as against this interpleader, who took with knowledge of plaintiffs' rights. R. S. 1889, sec. 4914. Plaintiffs' refused instruction should have been given. *State to use v. Mason*, 96 Mo. 127.

*W. W. Fry*, for respondent.

(1) Transfer of property by a debtor must be with a fraudulent purpose, with knowledge of such fraud on the part of the grantee, to be void. And here the note must have been executed in excess of the debt by agreement, with the purpose of holding or concealing the excess from the creditors for the benefit of the grantor. This issue was properly and fairly submitted to the jury. *Holmes v. Braidwood*, 82 Mo. 610; *Hanna v. Finley*, 33 Mo. App. 645. (2) Respondent, having taken possession under his mortgage, and being in possession when plaintiffs attached it, is immaterial, whether the description was accurate or the mortgage was irregular on its face. *Petring v. Chrisler*, 90 Mo. 649; *Dobyns v. Meyer*, 95 Mo. 132. (3) That defendant owed plaintiffs for goods in the store gave them no

priority over respondent. Section 4914 of Revised Statutes has been construed to be a statute of exemption, and not creating a lien. *Straus v. Rothan*, 102 Mo. 261.

GILL, J.—This is a contest between Finke & Nasse, attaching creditors of defendant Pike, and interpleader Jamison, as mortgagee of a stock of merchandise at Vandalia, Missouri. The plaintiffs sued Pike by attachment, and had the sheriff levy on the goods, then in the possession of Jamison, the mortgagee. Jamison asserted his right by interpleading in the attachment suit. The issue was tried in the court below, where the interpleader was successful, and plaintiffs appealed.

I. The principal contention by plaintiffs' counsel seems to be that interpleader's mortgage was void, by reason of the fact that Pike attempted thereby to secure Jamison the payment of the note for $300, when, in fact, the former only owed the latter the sum of $250. It seems undisputed that Pike was honestly indebted to Jamison in the sum of $250; that Jamison requested, and Pike consented, that the same be secured by mortgage on the goods. On the suggestion and advice of the justice of the peace, or notary, who prepared the mortgage, it was agreed to make the note for $50 in excess of the debt, so as to cover the necessary expense Jamison would be put to, in foreclosing the mortgage. Jamison took the note for $300, and chattel mortgage on the stock, and, as its terms provided, entered into immediate possession. Jamison, however, openly announced to plaintiffs' agent and others that his debt was only $250; and when the goods were taken from him in the attachment proceedings Jamison gave the note a credit by $50.

Upon these facts now plaintiffs' counsel invokes *Hanna v. Finley*, 33 Mo. App. 645, in support of the

claim that this arrangement between the defendant Pike and interpleader Jamison was a conveyance in fraud of creditors, and, therefore, void.

The case cited has no application here. The essential feature of that case, to-wit, the fraudulent concealment of goods for the benefit of the debtor, is not found in the case at bar. Although the note given by Pike to Jamison was $50 in excess of the sum owing, yet Jamison made no effort to conceal the fact, and never intended such an arrangement for the benefit of the debtor, but took the note for an amount beyond his claim so as to cover the expenses he might incur in handling and selling out the stock of goods; and, as already said, when the goods were taken from his possession, and it appeared he would not have to undergo such expense, Jamison credited his note with the said excess. From a reading of the evidence it clearly appears that no fraud was committed or intended. We fail then to see how the transaction can be successfully used to invalidate interpleader's mortgage. At all events, the court below instructed the jury, in effect, that if the note was so made in excess of interpleader's claim with the understanding that such excess should be collected out of the stock of goods and paid over to Pike, then such an arrangement was for the benefit of the mortgagor, and was fraudulent and void as to creditors. Such instruction was given at plaintiffs' request and covered every possible claim of fraud that could be made by the plaintiffs. The jury found against the plaintiffs as to the purpose of this inflating the amount of the note, and by such verdict the plaintiffs are bound.

II. At the trial the interpleader admitted that when he secured the mortgage covering his claim he understood that Pike was indebted to plaintiffs on account of the purchase of some of the goods in the

store.   At the conclusion then of the evidence plaintiffs asked the court to give the following instruction to the jury:   "The court instructs the jury that, under the pleadings and the evidence in the case, they will return a verdict for the plaintiffs, Finke & Nasse, for all the groceries claimed in the petition and sold the defendant Pike by the said plaintiffs."

Counsel now claim that the refusal of this instruction was error.   This contention, of course, is based upon the provisions of section 4914, Revised Statutes, 1889, which subjects personal property to execution for the purchase price, while said property is in the hands of the vendee or a purchaser therefrom with notice "of such prior claim for the purchase money."

If the case of *State to use v. Mason*, 96 Mo. 127, cited and relied upon by plaintiffs' counsel, was yet in full force, then the point urged might be seriously considered here.   But, as we understand the doctrine of the later cases, the refusal of the foregoing instruction was correct.   *Straus v. Rothan*, 102 Mo. 261; *Corning v. Rinehart Med. Co.*, 46 Mo. App. 16.

In the *Straus case*, the supreme court, after reviewing the former decisions of the appellate courts in this state, practically overruled the *Mason case, supra*, and construe said section 4914 as merely a statute relating to exemptions from execution, and not one conferring a lien or establishing priority between creditors.

Under the ruling in that case (and which we followed in the *Corning case, supra*), it seems the lien of the prior will hold as against the subsequent attachment, even though the latter be for the purchase price of the goods so attached; and that, too, though the prior attaching creditor had knowledge of such claim by the subsequent attaching creditor.   This being the rule in a contest between attaching creditors, there appears no good reason why it is not alike applica-

ble as to a mortgage and subsequent attachment for balance of purchase price.

There is nothing in the point suggested as to the insufficiency of the description of the mortgaged goods. In the first place, the description seems specific enough to identify the goods, and so as to warn the public of the property to be charged with the mortgage lien. But, aside from this, the mortgagee took immediate actual possession, and, hence, that description required by the registration laws is here unnecessary.

Judgment affirmed. All concur.