W. B. KANE, Appellant, v. I. E. MANLEY, Defendant; J. A. BACHMAN, Claimant, Respondent.

Kansas City Court of Appeals, June 3, 1895.

1. **Execution:** PURCHASE PRICE: MORTGAGE. If two creditors have a claim against a common debtor, one for the purchase price of personal property and the other as an ordinary general creditor with knowledge of the purchase price being unpaid, the latter, if he obtain a first lien by execution, attachment or mortgage on personal property, will prevail over the creditor for the purchase price.

2. ———: PURCHASER: MORTGAGOR: STATUTE. A mortgagor with knowl-
edge that the purchase price of the mortgaged property is not paid is
not a purchaser within the sense of section 4914, Revised Statutes,
1889.

*Appeal from the Jasper Circuit Court.*—HON. W. M.
ROBINSON, Judge.

AFFIRMED.

*Thomas & Hackney* and *M. G. McGregor* for appellant.

(1)   Personal property is subject to execution on
a judgment for the purchase price, except in the hands
of an innocent purchaser for value, without notice of the
claim for the purchase price.  1 R. S., sec. 4919; *Rhodes
v. Parker*, 79 Mo. 88; *State to use v. Mason*, 96 Mo.
128; *Boyd v. Ward, F., S. & C. Co.*, 38 Mo. App. 211;
*Woolfolk v. Kemper*, 31 Mo. App. 423; *Milling Co. v.
Turner*, 23 Mo. App. 103; *Straus v. Rothan*, 102 Mo.
261; *Corning v. Medicine Co.*, 46 Mo. App. 16; *Taylor
v. Smith*, 47 Mo. App. 143; *Finke & Nasse v. Pike*, 50
Mo. App. 566; *Lippman v. Campbell*, 53 Mo. App. 122.
While the statute does not create a lien in favor of the
vendor of personal property over the lien acquired by
other prior attachment or execution creditors, it does
give him a right to levy execution on a judgment for
the purchase price of personal property in the hands of
a purchaser or a person who had acquired it from the
vendee with notice of the vendor's claim.  *Straus v.
Rothan, supra.*   A mortgagee of personal property is a
purchaser.  *Steadman v. Hayes*, 80 Mo. 323; *Cass Co.
v. Oldham*, 75 Mo. 52; *Frisbee v. Thayer*, 25 Wendell
(N. Y.), 399; 2 Wait's Actions and Defenses, p. 202,
sec. 24; 4 Wait's Actions and Defenses, p. 566, sec. 6;
*Hesser v. Williams*, 36 Iowa, 152; 2 Hilliard on Mort-

gages [3 Ed.], sec. 40, p. 422. A chattel mortgage is more than a mere lien. It is a transfer of the property, as security, and vests the legal title in the mortgagee, who becomes absolute owner on default. Jones on Chattel Mortgages [4 Ed.], p. 1, sec. 1; p. 10, sec. 8; *Conard v. Ins. Co.*, 1 Peters (U. S.), 441; *Jackson v. Cunningham*, 28 Mo. App. 361; Herman on Chattel Mortgages, p. 29, sec. 15; 1 Cobbey on Chattel Mortgages, sec. 4, pp. 5–8; 3 Am. & Eng. Encyclopedia of Law, pp. 175, 176 and 200; Tiedeman on Sales, secs. 221 and 222; *Pease v. Iron Co.*, 49 Mo. 126–128; *Johnson v. Houston*, 47 Mo. 229; *Vanstone v. Goodwin*, 42 Mo. App. 46; *Hampton v. Seible*, 58 Mo. App. 184; 1 Wait's Actions and Defenses, p. 65, sec. 3; 4 Wait's Actions and Defenses, pp. 319, 320, secs. 3, 4, and pp. 331, 332, sec. 11. "Purchase" is acquisition by contract between the parties and a "purchaser" is defined to be one clothed with the legal title. *Kohl v. U. S.*, 91 U. S. 374; *Hampton Seible*, 58 Mo. App. 182. (2) The right to levy for the purchase price is in the assignee of notes taken therefor. *State to use v. Orahood*, 27 Mo. App. 498; *Sloan v. Campbell*, 71 Mo. 387; *Bank v. Robidoux*, 57 Mo. 450, 451; *Bank v. Abernathy*, 32 Mo. App. 222; *Hagerman v. Sutton*, 91 Mo. 531, 532; *Logan v. Smith*, 62 Mo. 459; *Mayes v. Robinson*, 93 Mo. 122. The beneficiary in the deed of trust is the real party in interest and notice to the officer and the agent of the beneficiary binds the corporation and the claimant. *Johnson v. Houston*, 47 Mo. 230; *State to use v. Koch*, 47 Mo. 584; Wade on Notice [2 Ed.], secs. 683*b*, 685–687, p. 391; *Chouteau v. Allen*, 70 Mo. 340; *Hayward v. Ins. Co.*, 52 Mo. 187–192; *Meier v. Blume*, 80 Mo. 183, 184; *Livermore v. Blood*, 40 Mo. 51; *Bergman v. Railroad*, 104 Mo. 86. The beneficiary in the deed of trust, and the real party in interest, being a foreign corporation, can not prose-

cute this claim by itself or the claimant as trustee because it is not authorized to loan money by its charter and is forbidden by the laws of this state. Acts of 1891, sec. 1, p. 75, and sec. 3, p. 76; *University v. Jordan*, 29 Mo. 68; *Railroad v. Winkler*, 33 Mo. 360; *State to use v. McKellop*, 40 Mo. 185; *Rogers v. Tucker*, 94 Mo. 352; *State to use v. Koch, supra; Johnson v. Houston, supra;* Herman on Chattel Mortgages, p. 182, sec. 83; Jones on Chattel Mortgages [4 Ed.], p. 544, sec. 493; *Wine Co. v. Rinehart*, 42 Mo. App. 182, 183.

*Howard Gray* for respondent.

(1) "The vendor can not follow property beyond his vendee, except in the hands of a purchaser with notice." *Corning v. Rinehart*, 46 Mo. App. 16. And the first five cases cited by appellant in support of his statement are expressly overruled by the case of *Straus v. Rothan*, 102 Mo. 261. (2) We admit that under the old decisions of the courts, appellant's contention would be correct, but the cases of *Corning v. Rinehart*, 46 Mo. App. 16, and *Straus v. Rothan*, 102 Mo. 261, overrule all the old cases and fully sustain the action of the circuit court. (3) The case from appellant's construction is whether an execution for purchase money will hold the property as against claims of mortgagee, claiming under a mortgage duly signed, acknowledged and recorded. This question is settled by the cases above cited, and *Finke & Nasse v. Pike*, 50 Mo. App. 564; *Zweigardt v. Birdseye*, 57 Mo. App. 462. (4) The claimant was not a purchaser in the sense that the word is used in the section of the statute under which appellants claim, but is a "lienor taking precedence in accordance with the time of his lien." *Corning v. Rinehart, supra.* (5) And a chattel mortgage is a prior lien to that of an execution for purchase price, even though the mortgagee knew at the time his debt

was created that the property had not been paid for. *Finke & Nasse v. Pike, supra.*

ELLISON, J.—Plaintiff occupies the position of judgment creditor, for part of the purchase price of certain personal property purchased by defendant. Plaintiff had execution issued and levied on such personal property, when the claimant herein interposed and claimed the property. His claim is based on a chattel mortgage on said property, past due. The mortgage was executed, delivered and recorded before the execution was issued, but the mortgagee knew that the purchase price of the property was unpaid. Plaintiff claims priority over the claimant by virtue of section 4914, Revised Statutes, 1889, which reads as follows:

"Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money."

The circuit court found for the mortgagee.

By reference to the cases of *Straus v. Rothan*, 102 Mo. 261, and *Corning v. Rinehart*, 46 Mo. App. 16, it will be seen that in "so far as liens or priorities are concerned, creditors for the purchase price of personal property stand on terms of exact equality with general creditors. Between them the prior lien holds as it would if the statute was not in existence." The statute, as now construed, is one of exemption and does not determine priority of liens. And though two creditors have a claim against a common debtor, one as a creditor for the purchase price of personal property, and the other as an ordinary general creditor with knowl-

edge of the purchase price being unpaid, yet if the latter obtain the first lien, either by execution or attachment, he will prevail over the creditor for the purchase price. If an ordinary general creditor may obtain priority by use of diligence in obtaining the first lien, why has he not that priority by obtaining a prior mortgage? He has his claim upon which he may attach, or he may sue and obtain judgment and levy an execution. In either case, if he is ahead of the creditor for the purchase price, he obtains priority, though he knew the purchase price was unpaid. But suppose in such case the debtor should say to him: "Do not put me to the expense of court costs; I will give you a mortgage on the property to secure your claim." Must the creditor refuse this and go through the useless form of attaching, or obtaining judgment and issuing an execution? Where one may obtain priority of lien by forcing it in a lawsuit, why may he not obtain it by voluntary act of the debtor?

But plaintiff insists that the claimant under the mortgage is a purchaser of the property, and having had notice of plaintiff's claim, that he is a purchaser with notice, as stated in the statute aforesaid. This, we think, is not the meaning of the statute, under the construction which now obtains. A mortgagee may, under many conditions and circumstances, be properly termed a purchaser. But in the sense of the present statute, he should rather be regarded as mortgage creditor, his lien attaching earlier than plaintiff's.

We referred to the question here decided in *Corning v. Rinehart, supra,* and in *Finke v. Pike,* 50 Mo. App. 564, we decided the question. We are content with that decision and would have done no more than refer to it, but for the strenuous effort which counsel has made on a line in opposition to that case.

The judgment is affirmed. All concur.