SKINNER & KENNEDY STATIONERY COM-
PANY, Appellant, v. LAMMERT FURNITURE
COMPANY, Respondent.

St. Louis Court of Appeals, April 7, 1914.

1. EXECUTIONS: Exemptions: Special Execution Against Per-
sonal Property: Statute Construed. Sec. 2191, R. S. 1909,
providing that personal property shall be subject to execution
on a judgment against the purchaser for the purchase price,
and shall not be exempt except in the hands of an innocent
purchaser, for value, without notice of the existence of such
prior claim for the purchase money, merely excepts such prop-
erty from the operation of the exemption law, and does not
create a lien in favor of the vendor.

2. FRAUDULENT CONVEYANCES: Conditional Sale: Operation
of Statute. Sec. 2887, R. S. 1909, providing that no sale of
goods and chattels, where possession is delivered to the vendee,
shall be subject to any condition whatever as against creditors
or subsequent purchasers from the vendee in good faith, unless
such condition shall be evidenced by writing, executed and
acknowledged by the vendee and duly recorded, has no ap-
plication where the purchase price is to be paid on delivery
of the chattel but is not so paid; such sale not being a "con-
ditional sale" within the statute.

3. APPELLATE PRACTICE: Trial Practice: Conclusiveness of
Special Finding Made Without Request. A finding of facts
made by the trial court in an action at law is conclusive upon
the appellate court, even though no request was made there-
for.

4. SALES: Sale for Cash: Remedies of Vendor. Where personal
property is sold for cash, the title does not pass if the purchase
money is not paid in accordance with the terms of the con-
tract, and in such case the vendor may reclaim his property,
provided he has not waived the cash payment, or been guilty
of laches or conduct estopping him from so doing.

5. ————: ————: Estoppel to Recover Chattels: Rights of
Subsequent Mortgagee. Where personal property was sold for
cash, the conduct of the vendor in permitting the vendee to
retain possession of it for a considerable time before reclaim-
ing it for a nonpayment of the purchase price, although it
might have worked an estoppel as against an innocent pur-
chaser for value, did not estop him as against a mortgagee who

knew, when the mortgage was executed, that the purchase price had not been paid and that the vendor claimed the property by reason thereof.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*George F. Beck* for appellant.

(1) If two creditors have a claim against a common debtor, one for the purchase price of personal property and the other as an ordinary general creditor with knowledge of the purchase price being unpaid, the latter, if he obtain a first lien by execution, attachment or mortgage on personal property, will prevail over the creditor for the purchase price. Van Frank v. Walther, 84 Mo. App. 472; Kane v. Manley, 63 Mo. App. 43; Finke & Nasse v. Pike, 50 Mo. App. 564. (2) The latest authoritative decisions of our Supreme Court construe Section 2191, R. S. 1909, to be one of exemptions only, and not one creating a lien in favor of a vendor of personal property. Van Frank v. Walther, 84 Mo. App. 472; Straus v. Rothan, 102 Mo. 261; Barton v. Sitlington, 128 Mo. 165. (3) It is immaterial whether the furniture was sold for cash on delivery, or on credit. Respondent permitted the furniture to remain in the possession of the purchaser for an unreasonable length of time without securing an agreement in writing and recording same. Whatever condition was imposed by the contract of sale was void as to creditors. R. S. 1909, Sec. 2887; Collins v. Wilhoit, 108 Mo. 451. (4) The statutes apply to both prior and subsequent creditors. Collins v. Wilhoit, 108 Mo. 451. (5) Nor is it material that appellant had notice that the purchase price of the furniture had not been paid. Van Frank v. Walther, 84 Mo. App. 472; Kane v. Manley, 63 Mo. App. 43; Collins v. Wilhoit, 108 Mo. 451.

*Henry M. Walsh* for respondent.

The sale made by the respondent in this case to the White Portland Cement Co. was for cash. The appellant had full knowledge of the claim of the respondent. The chattel mortgage was the instrument of the appellant, made with a full knowledge of the rights of the respondent. The appellant is not in the position of an innocent purchaser for value without notice. The appellant, by accepting a part payment on its judgment, changed its position so that it waived any former rights which it might have had, and in taking the chattel mortgage with the understanding that it would take care of claim of the respondent, it took the property subject to the vendor's claim for the purchase price which had not in any way been waived. Johnson-Brinkman Co. v. Bank, 116 Mo. 570; Sharp v. Hawkins, 129 Mo. App. 85; Commission Co. v. Railroad, 72 Mo. App. 437; Strother v. Lumber Co., 200 Mo. 657; Wright v. Trust Co., 144 Mo. App. 644, 646.

ALLEN, J.—This is an action in replevin to recover the possession of certain articles of office furniture. Plaintiff's claim to the latter arises by virture of a chattel mortgage thereon executed by the White Portland Cement & Clay Company, hereinafter referred to as the Cement Company, to secure the payment of certain notes. The cause was tried before the court without a jury, resulting in a judgment for defendant, from which the plaintiff has appealed.

On or about July 18, 1910, the defendant, Lammert Furniture Company, sold and delivered the furniture in question to the Cement Company, in the city of St. Louis, which latter company appears to have been in process of organization, and to have been without funds. The goods were purchased from the defendant by one Dodge, acting for the Cement Com-

pany. Defendant's evidence went to show that the sale thereof was for cash on delivery; that directly after the delivery of the goods to the Cement Company's offices, defendant's collector called at the latter place to collect the bill, and thus made repeated efforts to collect the same until a short time prior to the levy upon the goods by plaintiff, but could not find Dodge, being told that he was out of the city. On behalf of plaintiff there was some evidence tending to show that defendant had sold the goods on credit.

Shortly after said sale of the furniture by defendant, plaintiff sold to the Cement Company certain office supplies. It appears that before making such sale plaintiff's "credit man" communicated by telephone with defendant's "credit man" respecting the financial standing of the Cement Company, and that plaintiff extended credit to that company on the strength of what was said by defendant's "credit man" as to the statements made to the latter by Dodge respecting the parties who were said to be connected with it. On or about October 19, 1910, neither the furniture nor the office supplies having been paid for, plaintiff secured a judgment against the Cement Company, before a justice of the peace, for the amount of its account, and, on or about October 27, 1910, caused execution to be levied on the aforesaid furniture, then in that company's offices. After the constable had taken possession of the furniture, defendant filed a third party claim, claiming to be the owner thereof; and thereafter plaintiff executed and delivered to the constable an indemnifying bond in the sum of $500.

While matters stood thus, the Cement Company, on November 10, 1910, paid plaintiff $150 on account of said judgment, and executed and delivered to plaintiff its two notes for $60.75 each, payable thirty and sixty days, respectively, after date, secured by a chattel mortgage upon the furniture in question; which

mortgage was duly recorded on November 11, 1910. Thereupon plaintiff released its levy and caused the furniture to be returned to the offices of the Cement Company. Thereafter, and before the institution of this action, defendant took possession of the furniture and removed the same to its store or warehouse, under some instrument, it seems, not appearing in the record, whereby it is said that the Cement Company "quitclaimed" its right, title and interest therein. After both of the above-mentioned notes had become due and payable, plaintiff instituted this suit to recover the property.

The court made a finding of facts, though the record does not show that a request therefor was made, finding, among other things which need not be here repeated, that the sale of the furniture by the defendant to the Cement Company was, in fact, a sale for cash, and that the property was to be paid for on delivery; that defendant had made repeated efforts to collect the purchase price thereof, but had not been paid for the same; and that prior to the execution of the mortgage to plaintiff, the latter had been notified and had knowledge of the fact that the defendant had not been paid for the furniture and that it claimed title thereto. The court thereupon found that the plaintiff was not entitled to the possession of the property in question, and found the issues in favor of the defendant.

Learned counsel for appellant urges that, though plaintiff had knowledge of the fact that the purchase price of the property had not been paid, nevertheless plaintiff's mortgage will prevail over the defendant's claim to the property; citing Van Frank v. Walther, 84 Mo. App. 472; Kane v. Manley, 63 Mo. App. 43; Finke & Nasse v. Pike, 50 Mo. App. 564. But we think that these cases are not decisive of the question in hand. An examination of them will reveal that they apply to a situation where the vendor has extended

credit to the vendee and then seeks to obtain priority over other creditors by asserting his claim for the purchase price.

In this connection it is urged by appellant that section 2191, Revised Statutes, 1909, has been construed to be a statute of exemption only, and not one creating a lien in favor of a vendor of personal property. This statute provides that "personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." It is true that this statute does not create a lien in favor of the vendor, where the purchase price of personal property has not been paid, but merely excepts such property from the operation of the exemption law. [See Strauss v. Rothan, 102 Mo. 261, 14 S. W. 940; Barton v. Sitlington, 128 Mo. 165, 30 S. W. 514.] But we are not here concerned with this statute, for defendant's claim to the property is not predicated thereupon, but proceeds upon the theory that the title to the property never passed to the Cement Company.

It is also urged by appellant that, under section 2887, Revised Statutes 1909, whatever condition was imposed by defendant's contract of sale of the property to the Cement Company was void as to creditors. This statute provides that "no sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee, or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee and recorded as now provided in cases of mortgages of personal property." This statute has been frequently construed by our courts, and the fullest effect has been given to it as a rule of public

policy. However, we think it has no application whatsoever to the case in hand. This is for the reason that the original sale of the goods by the defendant was not a conditional sale at all within the meaning of this statute.

The trial court, in its finding of facts, specifically found that the property was sold by the defendant to the Cement Company for cash on delivery. Such finding is conclusive upon us, even though no request appears to have been made therefor. [See Lesan Advertising Co. v. Castleman, 165 Mo. App. 575, 148 S. W. 433; Barton Lumber Co. v. Gibson, 178 Mo. App. 699, 161 S. W. 357.] Likewise the trial court found, and which is undoubtedly beyond dispute, that the plaintiff had full knowledge of the defendant's claim to the property at the time of taking the mortgage in question.

In Johnson-Brinkman Co. v. Central Bank, 116 Mo. 558, our Supreme Court, in a case of this nature said:

"As between vendor and purchaser, where the sale of the chattels is a cash sale, the delivery of the thing sold and the payment of the purchase money are concurrent acts, and the former may reclaim his property if the purchase money be not paid according to the terms of the sale, either in the hands of the vendee or of a purchaser with or without notice, of the terms of the sale, and that the purchase money has not been paid, *provided* the vendor has not waived the cash payment and has been guilty of no laches or such conduct as would estop him from so doing. [Decan v. Shipper, 35 Pa. St. 239; Leven v. Smith, 1 Denio 571.]

"A cash sale and a sale upon subsequent condition are entirely different. In the first, the payment of the purchase money and delivery of the property are concurrent acts, one and the same transaction, while the latter is a sale and delivery of the thing

sold on condition subsequent, subject to be defeated by failure of the purchaser to comply with the terms of the contract of purchase. The former may be avoided by the vendor upon failure by the vendee to pay the purchase money, while the property is in his hands or in the hands of any other purchaser unless the payment of the purchase price has been waived. While section 5178, Revised Statutes 1889 (Sec. 2887, Rev. Stat. 1909), invalidates conditional sales, as to the creditors of the vendor and subsequent purchasers in good faith when the goods are delivered to the vendee, except where the condition is evidenced by writing executed, acknowledged and recorded as in the case of chattel mortgages, section 5180 (Sec. 2889, Rev. Stat. 1909), same statute, was manifestly intended to invalidate numerous devices which had sprung up for the evasion of the statute, such as the practice of leasing, renting or hiring the property when the real transaction was a sale on the plan of the vendee receiving possession and paying the purchase money in installments.

"This statute has no application to the case in hand, where the terms of the sale are cash on delivery. In such case there is nothing to record, so as to notify subsequent creditors and purchasers, as there may be in conditional sales."

It cannot be doubted that the rule prevailing in this State is, that where the sale is for cash the title does not pass, if the purchase money be not paid in accordance with the terms of the sale. [See, also, Strother v. Lumber Co., 200 Mo. 647, 98 S. W. 34; Wright v. Trust Co., 144 Mo. App. 640, 129 S. W. 407; Sharp v. Hawkins, 129 Mo. App. 85, 86, 107 S. W. 1087.] And it appears that in such case, the vendor may reclaim his property, provided he has not in some manner waived the cash payment or has been guilty of laches or such conduct as would estop him from so doing. It thus appears that in the instant

case the defendant had the right to reclaim its property, unless its conduct, in permitting the same to remain in the possession of the vendee for a considerable period of time should be held to operate as an estoppel, so as to prevent the defendant from asserting its claim thereto. But it appears that should the defendant be held to be guilty of laches in the premises, such as would have operated to prevent assertion of title by it as against an innocent purchaser for value, nevertheless defendant is not so estopped as to the plaintiff, for the reason that the latter took its mortgage with full knowledge of defendant's claim.

In Johnson-Brinkman Co. v. Central Bank, supra, l. c. 573, the court further said: "The evidence shows very conclusively that there was no intention on the part of plaintiff to waive the cash payment for the wheat, but it was guilty of laches in suffering it to be shipped from Kansas City, and in delivering its bill of lading to the Imboden Commission Co., and it would in consequence thereof be estopped from claiming the wheat or the proceeds arising from the sale thereof in the hands of an innocent holder without notice. The sale of the wheat being a cash sale, if the defendant knew that the purchase money therefor had not been paid by Imboden Commission Co., or that Imboden Commission Co. was not the owner of the wheat at the time it, defendant, received the draft in payment therefor, . . . it is not an innocent purchaser and must account to plaintiff for the amount of the purchase money according to the contract price."

This appears to be not only persuasive but controlling authority in the case at hand. It seems that defendant's delay in the premises was due to the failure of its collector to find Dodge, who had made the purchase. And though it may be that defendant would be estopped as against others by reason of having delayed so long in asserting its claim to the prop-

erty, plaintiff cannot avail itself of this, for the reason that it fully appears that plaintiff knew that defendant had not been paid for the property, and was fully advised of defendant's claim thereto at the time of the execution of the chattel mortgage.

Other questions raised are not controlling and need not be discussed. We are of the opinion that the learned trial judge was correct in finding the issues in favor of the defendant. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.