Parker, J.
The bill of exceptions in this case does not state the fact that the property levied on was returned by the sheriff to the debtor, but the other facts proved sufficiently establish it. For, otherwise, the sheriff would have proceeded to sell at the end of the two months, and the mortgage of the property by Machir would not have affected the preferable lien of the plaintiff’s execution, although the consent to postpone the sale, would, according to the authority of Bullitt's ex'ors v. Winstons, have released the surety.
The gravamen of this action, therefore, is that the sheriff did not retain in his possession: the property levied on, and proceed to sell it; and from this obligation he was not released by any act of the plaintiff! If the conversation of the plaintiff with the sheriff took place after the return day of the execution, it can hardly be construed into a recognition of Jacob Fisher's officious act, for then the mischief had been done, and the surety released; and if before, it was no more than a direction to postpone the sale, holding the property in his own hands to satisfy the debt after the expiration of the two months, which did not authorize the sheriff to return it to Machir, nor, in my opinion, discharge the lien of the execution. The deputy sheriff must be consi *28 dered as still holding it as sheriff; and if, at the expira- . tion oi the time, he tailed to sell, or, by apy previous act of his, suffered the property to be eloigned, or rights to be acquired in it by others, preferable to the plaintiff’s, his principal is liable for its value.
I think, therefore, the new trial ought to have been awarded.
Brockenbrough and Brooke, J. concurred.
Tucker, P.
I am also of opinion, that the judgment should be reversed, and a new trial awarded. Although the court and jury have concurred, yet the facts, and not the credibility of testimony, being fairly before this court, it must decide whether upon the facts stated the defence was made out. I think it was not. The order to the sheriff was given by an unauthorized person, and the acquiescence in that order by the plaintiff subsequently, ought to have been established in order to charge him. The fact, that he directed the sheriff to proceed at the end of the two months, would have afforded strong evidence of acquiescence, if it occurred before the day appointed for the sale. But if it occurred afterwards, it would be of little weight, as the mischief was then done. It was incumbent, then, on the defendant to shew the time at which the alleged acquiescence occurred, and that fact not appearing, his defence as to this matter was not made out.
I am, however, farther of opinion, that if William Fisher had given the direction which Jacob gave, it would not have been a sufficient defence. The sheriff was not directed to return the property to Machir's possession. It was a mere direction to postpone the sale, but to hold the property subject to his control. The mere postponement of a sale under an execution does not affect the plaintiff’s rights, unless there be collusion. But if he directs the sheriff not to sell, but to *29 leave the property in the debtor's possession, the execution is fraudulent, and any other creditor may take the property in execution; 13 Vin. Abr. Fraud. G. pl. 3. p. 524. cited by Green, J. in Claytor v. Anthony, 6 Rand. 305. 2 T. R. 596. The difference is obvious. So long as the goods are in the hands of the sheriff; they are in the custody of the law. But when the plaintiff directs a return of them, he takes them out of the custody of the law; and from that moment they are no longer bound by his execution. These principles will be found to be maintained by the cases of Baird v. Rice, 1 Call 18. and Bullitt's ex'ors v. Winstons, 1 Munf. 269. In this case, then, the order had not the effect of removing the lien, and leaving the property subject to the execution of another, or to be encumbered by trusts in favour of other creditors. The sheriff; however, failed to obey the order; he failed to hold the property, or if he does hold it, lie has failed to appropriate it by sale for the benefit of the plaintiff! In point of fact, the property was encumbered by a mortgage and sold under it. The sheriff, therefore, must have permitted it to go out of his hands, and this without authority. If so, he is responsible. It is the simple case of a levy, and an eloign ment by his default.
Judgment reversed, verdict set aside, and cause remanded for a new trial.