R. WILLIAMS & COMPANY, Appellant, v. FARM & HOME SAVINGS & LOAN ASSOCIATION et al., Respondents.*

In the Springfield Court of Appeals, May 13, 1925.

1. **JUDGMENT: Res Adjudicata: Judgment Binding on Parties and Privies.** Replevin for hotel electric light fixtures, on which plaintiff had attempted in former suit to obtain materialman's lien. Character of the fixtures as personalty or realty being in issue, *held*, that the judgment in the lien suit finding them to be personalty was binding on plaintiff and hotel company and trustee in deed of trust executed by it, who were defendants in lien suit and in these replevin proceedings, under the rule that the parties to a suit are bound by the adjudication of that suit, and cannot dispute such adjudication in subsequent cause between the same parties and their privies.

2. **MORTGAGES AND DEEDS OF TRUST**: "Improvements": Meaning Defined. Where the term "improvements" is used in a deed of trust without language defining or extending the ordinary meaning, such term relates to improvements to the realty.

3. ——: ——: Fixtures: Personalty. Where the term "improvements" was used in a deed of trust without language defining or extending the meaning of the description, such description did not include the electric light fixtures, which therefore did not pass to beneficiary by purchase at foreclosure sale as against company from which grantor purchased them; the term "improvements" referring to improvements to the realty.

4. **MECHANICS' LIENS**: Lessee: Fixtures: Right to Possession. Lessee of hotel *held* entitled to possession of electric light fixtures therein during the term of his lease, as against purchaser under execution on general judgment against lessor for the balance of the purchase price of said fixtures and damages, lessee not being a party to the lien suit, and the fixtures having been adjudged personalty in that suit and not subject to mechanic's lien.

5. **CHATTEL MORTGAGES**: General Creditors: Purchase Price: Priority. If two creditors have a claim against a common debtor, one for the purchase price of personal property and the other as a general creditor, with knowledge that the purchase price is not paid, the general creditor, if he obtained a first lien by execution, attachment or mortgage on personal property, will prevail over the creditor for the purchase price.

6. **LANDLORD AND TENANT**: Fixtures: Rights of Lessee in Sale of Lessor's Interest. Execution sale of landlord's interest in leased fixtures to satisfy general judgment for purchase price thereof, rendered in materialman's lien suit, does not terminate the lease as to such fixtures.

7. **EXECUTION**: Interest of Lessor: Fixtures. The interest of a lessor in fixtures in possession of the lessee is subject to execution.

8. **APPELLATE PRACTICE**: Levy Held Valid. In replevin by judgment creditor, levy of execution on leased fixtures *held* valid, where right to possession of such fixtures would remain in lessee notwithstanding sale, and no party would be deprived of any right, while to hold it void would merely necessitate another execution and levy.

9. **REPLEVIN**: Judgment Creditor: Lessee: Fixtures: Right to Possession. Judgment creditor, not being entitled to possession of leased

fixtures purchased by it at execution sale, as against lessee in possession, cannot recover them in replevin.

*Headnotes 1. Judgments, 34 C. J., Section 1331; 2. Improvements, 31 C. J., Section 1; 3. Mortgages, 27 Cyc., p. 1145 (Anno); 4. Executions, 23 C. J., Section 825 (Anno); 5. Sales, 35 Cyc., p. 489 (Anno); 6. Landlord and Tenant, 35 C. J., Section 218 (Anno); 7. Executions, 23 C. J., Section 45; 8. Appeal and Error, 4 C. J., Section 3054; 9. Replevin, 34 Cyc., p. 1387.

Appeal from the Circuit Court of Jasper County.—*Hon. S. W. Bates*, Judge.

AFFIRMED.

*Howard Gray* and *B. H. Esterly*, both of Carthage, for appellant.

(1) The defendant, Farm & Home Savings & Loan Association was a party to the mechanic's lien suit brought by the plaintiff and are therefore bound by the judgment of the court in that case in passing upon the issues presented by the pleadings. The issues determined in the trial of that case are *res adjudicata* as to all parties to that suit. 23 Cyc., page 1116. (2) Whether the electric lighting equipment in the Drake Hotel were or were not fixtures within the meaning of the Mechanics' Lien Laws of the State of Missouri depends upon whether or not they are and have become a part of the real estate and would be conveyed by deed thereto. McCarthy v. Kinder, 225 S. W. 1024; McCarthy v. Kinder, 213 S. W. 1035; Rogers v. Crow, 40 Mo. 91. (3) The answer filed by the defendant, Farm & Home Savings & Loan Association in that case did not contain any reference to the electric lighting equipment or the title thereto or as to whether or not it was such fixtures as would be lienable under the laws of this State. The judgment of the court in that case in favor of the defendant, Farm & Home Savings & Loan Association and that plaintiff take nothing by means of this suit against said defendant, natu-

rally followed the denial of plaintiff's claim to a lien upon the real estate and cannot be construed as a finding that the Farm & Home Savings & Loan Association was the owner of or held title to the electric lighting equipment and fixtures described in the plaintiff's petition. Among parties to litigation only such matters become *res adjudicata* as are issues raised by the pleadings in the case. Authorities cited above. (4) It is admitted that improvements on real estate which become a part thereof and would be conveyed by a deed to this real estate, may be subject to a deed of trust thereon executed prior to the addition of these improvements. However, this cannot apply to personal property placed in a building, such as pictures on the wall or furniture, after the giving of a deed of trust thereon. The finding of the court holding that this equipment was not lienable and therefore was not such fixtures as would be conveyed by a deed to the real estate prevents the Farm & Home Savings & Loan Association, who was a party to that suit, to claim now that it could be included in that conveyance. Authorities above cited. (5) Plaintiff obtained a good title to the electric lighting fixtures through the bill of sale executed by the sheriff of Jasper county. The contents of this bill of sale is primafacie evidence of the facts stated and is conclusive upon the party to the action or their privies. Murfree on Sheriffs, sec. 868, case cited; Reeves v. Reeves, 33 Mo. 28; Douglas v. Orr, 58 Mo. 574; Bilby v. Hartman, 29 Mo. App. 135; Houpke v. Lindsay, 83 Mo. App. 85. (6) The lighting fixtures in question were rented by the Drake Hotel Company to P. C. Remler together with the hotel property in general. After they were sold to the plaintiff by the sheriff of Jasper county the plaintiff stood in the place of the hotel company as owner and was entitled to rent for the use thereof by Remler, who became bailee of plaintiff. Remler denies plaintiff's title, alleging in his answer that the property belongs to the Farm & Home Savings & Loan Association and re-

fuses to pay plaintiff rent therefor, or to pay for them or to give plaintiff possession of them. A bailor has the right to immediate possession after the termination of the bailment. Such termination is caused by any act of the bailee inconsistent with the bailment or which tends to defeat the bailor's right to the property. 5 Cyc., pages 204, 205, 206. (7) Plaintiff is entitled to a judgment for the recovery of the property or for the value of it or for such value of it as the court or jury may assess and also for damages for the detention of the property by the defendant. R. S. 1919, secs. 2084 and 2082.

*McReynolds, McReynolds & Flannigan,* of Carthage, and *Ewing & Ewing,* of Nevada, for respondents.

(1) The attempted levy of an execution on property other than that of the judgment debtor, does not create any lien on said property, and a sale of same passes no title to the purchaser. Especially is this true where the purchaser is the judgment creditor. Drake v. Jones, 27 Mo. 428; First National Bank v. Polk (Mo. App.), 263 S. W. 504. (2) (a) In order to make a valid levy of an execution on personal property, there must be an actual seizure of same by the officer, and an assumption of control and dominion over same by him. Unless this is done the acts of the officer are wholly insufficient to sustain a levy. There was no valid levy in this case. Sec. 1626, R. S. 1919; First National Bank v. Polk, 263 S. W. 504, 506; Newman v. Hook, 37 Mo. 207; Caffrey v. Mining Co., 95 Mo. App. 174, 186-187; Shanklin v. Francis, 67 Mo. App. 457; Douglas v. Orr, 58 Mo. 573. (b) The property in question was permanently attached to the building and was, therefore, real estate, and the only way in which a levy could be made was by filing notice in the recorder's office of the county, as provided by statute. Press Brick & Machinery Co. v. Brick Quarry Co., 151 Mo. 511-513; Hatten v. Railroad Co., 253 Mo. 678. (3) The question of the priority of the title of

Farm & Home Savings and Loan Association, by virtue of the deed under which it claims, to any title or claim of appellant, to the property in question, is *res judicata*. Donnell v. Wright, 147 Mo. 639; Melvin v. Hoffman, 290 Mo. 464, 492-493; See v. See, 294 Mo. 495, 501-503; Nelson v. Nelson, 282 Mo. 512; Emmert v. Aldridge, 231 Mo. 124. (4) (a) The lien of the mortgage in question attached to all rights or interests held by the mortgagor in and to the mortgaged property, at the time of its execution, together with all subsequently acquired rights, easements and privileges and improvements upon the land. And whether or not. subsequently added fixtures become realty is largely a question of interest of owner. They were attached to the realty (building) and were improvements. 20 Am. & Eng. Ency. Law (2 Ed.), 970, 972, 18 C. J. 296; Bouvier's Law Dictionary; Webster's Unabridged Dictionary; Press Brick Mfg. Co. v. Brick Quarry Co., 151 Mo. 512, 513, 514. (b) The intention and understanding of the parties at the time of the mortgage as to what shall pass by it will govern. The same rule applies to mortgages as to deeds. 13 Am. & Eng. Ency. Law, 662, 667, 668; 18 C. J. 277. The intention and understanding of the parties to the mortgage was known to appellant, and it is bound thereby. Case v. Sipes, 280 Mo. 110, 119; Elliott v. Machine Co., 236 Mo. 546, 561.

BRADLEY, J.—This cause, in replevin, was tried before the court without a jury. The court found for defendants and plaintiff appealed. Plaintiff based its cause on the contention that it is the owner and entitled to the possession of the electric light fixtures in the Drake Hotel at Carthage, Mo. Defendant Farm & Home Saving & Loan Association claims the title to the fixtures by virtue of being the purchaser at a foreclosure sale under a deed of trust given by defendant Drake Hotel Company. Defendant Ewing was trustee in the deed of trust mentioned, and his interest, if any, is only nom-

inal. Defendant P. C. Remler claims the right of possession of the fixtures by virtue of a lease from the Drake Hotel Company, which lease was recognized by defendant Farm & Home Savings & Loan Association. For convenience hereinafter defendants Farm & Home Savings & Loan Association and Drake Hotel Company will be designated respectively as the loan association and the hotel company.

The hotel company, a corporation, in 1921, was constructing the Drake Hotel in the city of Carthage. In September, 1921, said company leased the hotel building to defendant Remler for a term of ten years. October 21, 1921, the hotel company gave a deed of trust on the hotel property to defendant Ewing, trustee, to secure a loan of $82,500 obtained from the loan association. November 17, 1921, the hotel company purchased from plaintiff the electric light fixtures for the hotel, and plaintiff thereafter installed said fixtures. May 19, 1922, plaintiff commenced proceedings in the circuit court of Jasper county to establish a materialman's lien on the fixtures. That case will be hereinafter referred to as the lien suit. The hotel company, the loan association and Ewing, trustee, were the parties defendant to the lien suit. December 18, 1922, the lien suit was disposed of whereby plaintiff was given a general judgment against the hotel company for $1335.25, but was denied a materialman's lien. April 22, 1923, a general execution based on said judgment was issued against the hotel company and on day of issue the sheriff levied or attempted to levy upon the fixtures in controversy as the property of the hotel company. June 8, 1923, the sheriff sold or attempted to sell the fixtures levied upon or attempted to be levied upon as aforesaid, and plaintiff was the purchaser at said sale. The hotel company defaulted in the payment of its obligations to the loan association and on May 24, 1923, the deed of trust above mentioned was foreclosed, and the loan association, the beneficiary therein, was the purchaser at said foreclosure sale. The fix-

tures were not severed or separated from the building at the time of the alleged levy or at any other time, and when plaintiff demanded possession of said fixtures after the alleged execution sale defendant Remler refused to surrender his possession and this cause in replevin followed whereby plaintiff seeks a judgment for possession or for the value of the fixtures.

Plaintiff's present cause is bottomed on the theory that as between all parties the fixtures are personal property. In other words plaintiff contends that the judgment in the lien suit adjudged the fixtures to be personal property, and that the parties in the present cause are bound by that judgment. In the lien suit plaintiff proceeded on the theory that the fixtures after installation were a part of the realty and was seeking a lien under the Statute, sections 7216 et seq., Revised Statutes 1919. In that suit the loan association and Ewing, trustee, were made parties defendant, and answered by a general denial and a plea that the lien of the deed of trust was a prior lien. Remler the lessee was not a party to the lien suit. In the lien suit the court rendered the following judgment: "Now at this day this cause comes on for trial, the plaintiff appears by B. H. Esterly, its attorney, the defendant, Drake Hotel Company, appears by J. H. & W. E. Bailey, its attorneys, and Farm & Home Savings & Loan Association and Lee B. Ewing, appear by Lee B. Ewing, their attorneys, and all parties announce ready, waive a jury and submit this cause to the court for trial. After hearing all of the evidence and being fully advised in the premises, the court finds the issues in favor of the plaintiff and against the defendant, Drake Hotel Company, on plaintiff's petition herein; that said defendant is justly indebted to said plaintiff in the sum of $1365.25, and the court finds the issues in favor of the defendant, Drake Hotel Company, on its counterclaim herein; that the plaintiff is justly indebted to said defendant in the sum of $30, and the court finds the issues in favor of the defendants, Farm & Home

Savings & Loan Association and Lee B. Ewing, on plaintiff's petition herein; and that the plaintiff is entitled to have and recover of and from the defendant, Drake Hotel Company, the sum of $1335.25, the amount of plaintiff's debt and damages herein, after deducting the sum allowed the defendant, Drake Hotel Company, on its counterclaim herein and the court further finds that the fixtures described in plaintiff's petition herein are not lienable.

It is therefore ordered and adjudged by the court that the plaintiff take nothing by means of this suit against the Farm & Home Savings & Loan Association and Lee B. Ewing, and that the plaintiff have and recover of and from the defendant, Drake Hotel Company, the said sum of $1335.25, the amount of debt and damages so found due by the court as aforesaid, together with the costs of this suit and that execution issue therefor.''

The judgment in the lien suit was not appealed from and became final. It recites that the court found that the fixtures were not lienable. Defendants in their brief in the cause at bar make the contention that by the language in the judgment—''the court finds that the fixtures described in plaintiff's petition herein are not lienable''—when considered with the whole judgment, does not justify the contention by plaintiff that the court held that the fixtures were personalty and not a part of the realty. It was practically admitted, however, on oral argument that the lien sought by plaintiff in the lien suit was refused because the court was of the opinion that the fixtures were not a part of the realty. Such also is the clear import of the judgment when considered in the light of the pleadings in that cause, which pleadings are before us. If the fixtures were personalty and were not included in the deed of trust the title thereto did not pass by the deed of trust or the sale thereunder. As to whether the fixtures were included and embraced in the property described in deed of trust we will herein-

after consider. The question now in hand is: Are defendants, the hotel company, Ewing, and the loan association barred by the judgment in the lien suit from interposing the defense in the cause at bar that the fixtures are so attached as to be a part of the realty.

The character of the light fixtures, as to whether mere personalty or a part of the realty, was clearly in issue in the lien suit. The judgment was that they were personalty and not a part of the realty. Therefore the parties to that suit are bound by that adjudication and cannot in a subsequent cause between the same parties and their private dispute the former adjudication on that question. [Case v. Sipes, 280 Mo. 110, 217 S. W. 306.]

In Case v. Sipes, supra, the court quotes with approval from Southern Pac. R. R. v. United States, 168 U. S. loc. cit. 48, 49, 18 Sup. Ct. 27, 42 L. Ed. 355, as follows: "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Many authorities are cited in Case v. Sipes, supporting the general rules applicable to the law of *res adjudi-*

*cata.* The purpose and necessity of such rules are well stated in the excerpt quoted. In view of these rules we are clearly of the opinion that as between plaintiff and defendants, the hotel company, Ewing, and the loan as-sociation, the light fixtures were adjudicated in the lien suit to be mere personalty and that said judgment is binding on said parties last mentioned in the case at bar.

Defendant loan association in effect contends that by the description in the deed of trust the light fixtures were included whether a part of the realty or not. The description in said deed of trust so far as pertinent here is as follows: ''All of the north half of lots 41 and 42 in the original town or city of Carthage, Missouri, ex-cept a strip six feet wide off the west side of said lot number 42, together with all improvements thereon.'' It is urged that the language ''together with all improve-ments thereon'' includes the fixtures, even though they are mere personalty and not a part of the realty. Where the term ''improvements'' is used without language de-fining or extending the ordinary meaning the courts with substantial uniformity have held that such term relates to improvements to the realty. [In re Howard Laundry Co., 203 Fed. (C. C. A.) 445, and cases there cited.] That this is the general rule will not be controverted. There is no language in the description or elsewhere in the deed of trust which defines or extends the term ''improve-ments'' as used in the description, hence we hold that the term had reference to improvements to the realty. Since as to the loan association, the hotel company and Ewing the fixtures are personalty the term ''improve-ments'' in the description does not include the fixtures. Since they were not included in the trust deed the loan association acquired no interest in them by being the purchaser at the foreclosure sale.

Assuming that the levy and sale passed the title to the fixtures to plaintiff, the question arises: Is plaintiff entitled to possession as against Remler, the lessee? As stated above Remler was not a party to the lien suit.

Plaintiff's judgment was general and therefore no lien in its favor attached to the fixtures when considered as personalty prior to the levy. As stated the levy was on April 27, 1923, Remler leased in September, 1921. There is no question but that, as between the hotel company and the loan association on the one hand and Remler on the other, the light fixtures were included in the lease regardless of the character of property they in fact may have been or may be. Remler was in the possession of these fixtures from the date of installation in November, 1921, until the levy on April 27, 1923. He was in possession when plaintiff filed the lien suit and when the general judgment in favor of plaintiff and against the hotel company was rendered. As to his right of possession of the light fixtures during the term of his lease Remler's position is analogous we think to that of a purchaser, or mortgagee. If two creditors have a claim against a common debtor, one for the purchase price of personal property and the other as a general creditor with knowledge that the purchase price is not paid, the general creditor if he obtained a first lien by execution, attachment or mortgage on personal property will prevail over the creditor for the purchase price. [Kane v. Manley, 63 Mo. App. 43; Straus v. Rothan, 102 Mo. 261, 14 S. W. 940; Corning v. Rinehart Medicine Co., 46 Mo. App. 16; Barbee & Co. v. Crawford, 132 Mo. App. 1. c. 7, 111 S. W. 614.] We can perceive no difference as to the position of Remler as lessee than if he were a mortgagee so far as concerns his right to prevail over plaintiff respecting the right to possession of the light fixtures. Also plaintiff's judgment in the lien suit being only general, and the property levied upon so far as this suit is concerned, being personalty, there was no lien, in favor of plaintiff, prior to levy as above stated. This being true the sale of the landlord's interest in the leased fixtures would not terminate the lease as to said fixtures. [Smith v. Aude, 46 Mo. App. 631.] But we do not regard the lessor's interest in the fixtures in possession

of the lessee as not subject to execution as is the interest of a pledgor in pledged personalty in the possession of the pledgee, and the interest of a mortgagor of personalty after condition broken. [See Evans Howard Fire Brick Co. v. Gammon, 204 S. W. (Mo. App.) loc. cit. 835; Pollock v. Douglass, 56 Mo. App. 487; Ottumwa Nat. Bank v. Totten, 94 Mo. App. loc. cit. 602, 68, S. W. 386.]

The sufficiency of the levy is challenged. If there was no levy, there was no sale. If no sale plaintiff acquired nothing by the attempted levy and attempted sale, and therefore would have no support in this cause in replevin. The conclusion we have heretofore reached we think justifies us in assuming, without deciding, that the levy was valid. If we hold that the levy was not valid plaintiff could cause to be issued another execution and levy again. The levy at bar may have been rendered of doubtful sufficiency because of plaintiff's uncertainty as to the correctness of the course being pursued, or the sheriff may have of his own accord proceeded as he did. But whatever be the cause the result was to accommodate and favor Remler who had the light fixtures in possession and was then using them in the conduct of the hotel. To hold the levy valid will not deprive any party of any right. To hold it void would merely add to plaintiff's burdens and nothing more. In this situation we shall consider the levy a valid one. The sale which followed the levy conveyed the title to the fixtures to plaintiff, but that did not carry the right of possession. The right of possession remained in Remler under his lease.

Since plaintiff is not entitled to possession there can be no recovery in the cause at bar. The judgment should, therefore, be affirmed, and it is so ordered. *Cox, P. J.,* concurs; *Bailey, J.,* not sitting.