**PALAIS et al. v. DEJARNETTE et al.**

**In re SCHARTON'S ESTATE.**

No. 5286.

Circuit Court of Appeals, Fourth Circuit.

Nov. 13, 1944.

A. Barclay Taliaferro, of Orange, Va., and M. J. Fulton, of Richmond, Va., for appellants.

A. Stuart Robertson, of Orange, Va., for appellees.

Before SOPER, DOBIE, and NORTH-COTT, Circuit Judges.

DOBIE, Circuit Judge.

This appeal is brought by Maurice Palais, Trustee in bankruptcy of William R. Scharton, Bankrupt, and William R. Scharton, Bankrupt (hereinafter called appellants when referred to collectively).

The questions before us involve the validity of levies of execution under two judgments acquired against William R. Scharton in the Circuit Court of Orange County, Virginia, and the effectiveness of Scharton's claim for homestead exemption under the Virginia statute, Va.Code (Michie) § 6543.

For our purposes we herein summarize the facts found by the Referee in Bankruptcy and approved by the District Court.

Margaret A. DeJarnette, executrix of E. H. DeJarnette, Jr., deceased, recovered judgment against Scharton on January 16, 1942. On January 29, 1942, execution, returnable to Second April Rules, 1942, was issued. On April 10, 1942, during Scharton's absence from his home, Gaston Hall, a deputy sheriff, accompanied by one Colvin with whom Scharton had left the keys to his home, entered Gaston Hall. A detailed list of the personal property was made and the deputy sheriff advised Colvin that he had levied thereon. None of the personalty was removed from the premises.

A. P. Beirne recovered judgment against Scharton on April 17, 1942, and execution was issued on May 25, 1942, returnable to Second August Rules, 1942.

On May 28, 1942, the sheriff of Orange County was admitted by Scharton to Gaston Hall and the Beirne levy was made. The sheriff warned Scharton against removal of the property and Scharton assured the sheriff that it would not be removed. Before the Referee, Scharton denied giving any such assurance; but we accept the finding of the Referee. Federal Rules of Civil Procedure, Rule 52(a), Rule 53(e) (2), 28 U.S.C.A. following section 723c.

A sale under both levies was advertised for August 13, 1942. Subsequently, in compliance with a request made by Scharton through his broker, the judgment creditors agreed to postpone the sale for thirty days. No release of the lien was asked or granted.

Two subsequently advertised sales, one for October 30, 1942, and cne for April 17, 1943, were also postponed, but the Referee found that the responsibility for these postponements rested with the debtor, and not with the judgment creditors. In the light of the record, we agree with this finding.

On October 21, 1942, on his voluntary petition, Scharton was adjudged a bankrupt in the United States District Court for the District of Massachusetts.

On April 9, 1943, after the personal property had been advertised for sale on April 17, Scharton recorded a homestead deed in Orange County, Virginia, alleging that he was a householder and a resident of the State of Virginia, and claiming the property levied on as his homestead exemption.

The validity of the DeJarnette and Beirne levies must be determined under the rules laid down by the Virginia Courts. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. We are here concerned solely with the manner in which the levies were made. It is clear from the record that the disputed levies were made within the proper time. Va.Code (Michie) § 6485.

Under the law of Virginia, actual seizure of the goods levied upon is not necessary. Dorrier v. Masters, 1887, 83 Va. 459, 2 S.E. 927; Bullitt's Executors v. Winston, 1810, 1 Munf. 269, 15 Va. 269. The rule is stated succinctly in Burks Pleading and Practice, 3d Ed., § 336, p. 619: "What, then, constitutes a levy? A manucaption of the property in pursuance of the writ and an endorsement of that fact on the writ is generally sufficient, but is that necessary? By no means. 'It is not essential that the officer make an actual seizure. If he have the goods in his view and power and note on the writ the fact of his levy thereon, this will in general suffice'."

The rule stated in Burks Pleading and Practice, op.cit. p. 619, that the view of "cattle on distant hills or goods behind bars securely locked" is insufficient, is without application here. The levying officer in each instance entered Gaston Hall and, after viewing and listing the property, levied thereon. It can hardly be

doubted that the property was within the dominion of the levying officer.

■ It is contended that the officers were without the "power" to levy since they were physically incapable of carrying the household goods away. This contention, we think, is lacking in merit. It is quite apparent from the words of the statute that the levy "shall bind what is capable of being levied on." Va.Code (Michie) § 6485. Capacity of the officer to levy refers to intangible property, and not to inaccessible property. Burks, op. cit. supra, § 336. The physical prowess of the levying officer is of no consequence.

■ It is further contended that because of Scharton's absence, and his lack of formal notice, at the time of the DeJarnette levy, no valid levy was made. The mere statement of the contention discloses its weakness. Should any such contention prevail, all levies might be prevented by the debtor if he merely stays away from his property. This the law never intended. As to notice to the debtor, the rule in Virginia is that while notice is advisable, it is not essential. Burks, op. cit. supra, § 336; see also 23 C.J. p. 430; 33 C.J.S., Executions, § 95.

■ Failure to remove the property from the debtor's premises does not, of itself, invalidate the levy. The practice in Virginia has been to permit it to remain on the premises of the debtor until the day of sale, in order to save expenses. Burks, op.cit. supra, § 339.

Appellants further contend that even if the levies were valid when made, they have been abandoned by the judgment creditors.

■ If the officer levies before the return day of the writ, he continues to have the power to sell, even after the return day has passed, Grandstaff v. Ridgely, 1878, 30 Grat. 1, 71 Va. 1, and this power continues for a reasonable time. Va.Code (Michie) § 6485. "Reasonable Time" is a question of fact, dependent on the circumstances of each case. Wright v. Camp Mfg. Co., 1910, 110 Va. 678, 66 S.E. 843. The test, of course, is whether an intention to abandon was manifest from the acts of the creditors. Rhea v. Preston, 1881, 75 Va. 757. The Referee found no such intention here and we think his finding is supported by substantial evidence. While it is true that the creditors postponed the sale at the request of the debtor, no re-linquishment of the lien was found. As the Court said in Walker v. Commonwealth, 1867, 18 Grat. 13, 59 Va. 13, 98 Am.Dec. 631: "A mere suspension of proceedings on a levied execution does not authorize a restoration of the property to the possession of the defendant, nor release the levy," citing Fisher v. Vanmeter, 1837, 9 Leigh 18, 36 Va. 18, 33 Am.Dec. 221. (Italics ours.) We agree with the Referee and the District Court, that the levies were valid and have so remained.

In regard to Scharton's claim to homestead exemption, Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, reads in part as follows: "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition * * *." (Italics ours.)

Counsel has strenuously argued the point that Scharton has established a bona fide domicile in Virginia, and by reason of this fact he has established a right to the Virginia homestead exemption. Whatever the worth of such argument in other situations, we find it completely irrelevant here.

■ The controlling rule was stated with crystal clearness in White v. Stump, 1924, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301: "The Bankruptcy Law does not directly grant or define any exemptions, but directs, in section 6 * * *, that the bankrupt be allowed the exemptions 'prescribed by the state laws in force at the time of the filing of the petition'; in other words, it makes the state laws existing when the petition is filed the measure of the right to exemptions."

Counsel argues that Myers v. Matley, 1943, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043, 145 A.L.R. 498, has changed the rule laid down in the Stump case. With this we cannot agree. There the Supreme Court distinguished the Stump case on the facts alone. In the plainest of language it approved the doctrine of the Stump case. The rights of the bankrupt are fixed as of the date of adjudication. Georgouses v. Gillen, 9 Cir., 1928, 24 F.2d 292.

■ Were this not the rule, the bankrupt, after being so adjudicated, might "shop around" and establish a domicile in

a state more generous in its exemptions. Such a procedure is altogether inconsistent with the whole spirit of the bankruptcy laws. Scharton cannot ride both sides of the sapling. On the date he was adjudged a bankrupt, Scharton was a citizen of the State of Massachusetts. No question of his rights under Massachusetts law is before us.

The judgment of the District Court is affirmed.

Affirmed.