## CIRCUIT COURT OF THE CITY OF RICHMOND

Vlastimil Koubek

v.

Jefferson Hotel Associates
Limited Partnership

May 19, 1989

Case No. LM-992-2

By JUDGE RANDALL G. JOHNSON

At issue is whether certain personal property belonging to Jefferson Hotel Associates Limited Partnership ("JHALP") is subject to a valid lease agreement and, if so, whether such property, or JHALP's interest in such property, can be levied upon and sold in execution of a judgment.

JHALP is the owner of premises located in Richmond and known as the Jefferson Sheraton Hotel. JHALP also owns the personal property located in the hotel. The hotel is operated by Jefferson Equities Corp. ("JEFFCO"), which leases both the real property and the personal property from JHALP. On June 1, 1988, Vlastimil Koubek obtained a default judgment in this court against JHALP in the amount of $113,923.03. Pursuant to the writ of fieri facias, the Sheriff of the City of Richmond entered the premises on February 23, 1989, and levied, or attempted to levy, on all tangible personal property found therein and owned by JHALP. Subsequently, JEFFCO filed a motion to quash the levy on the grounds that such levy was improper in light of JEFFCO's present possessory interest in the property. After a hearing, the court enjoined the plaintiff and all persons acting on his behalf from seizing, removing,

or selling the personalty for a period of 24 hours, and further ordered that such injunction would continue upon JEFFCO's posting a suspending bond pursuant to Va. Code Section 8.01-370. The suspending bond was posted, and JEFFCO filed its motion pursuant to § 8.01-365, asking the court to determine its claim. A hearing on that claim was held on April 21, 1989, and the parties have submitted written briefs. For the reasons which follow, the court concludes that the lease agreement between JHALP and JEFFCO is valid and continuing, but that the personal property subject to that lease may nevertheless be levied upon and sold.

### 1. *Validity of Lease Agreement*

It is not disputed that JHALP and JEFFCO entered into a lease agreement on August 23, 1983, and that all of the personal property in question is covered by that lease. It is also not disputed that the term of the lease has not expired. Plaintiff argues, however, that the court should not honor the lease because JEFFCO has made no payments to JHALP since June, 1987, and is in default. JEFFCO, on the other hand, argues that it is paying rent in the nature of a set-off; that is, that its rent payments are being applied to reduce JHALP's debt to an entity called RWS, which renovated the hotel and sold it to JHALP. JEFFCO also argues that whether or not it is in default is irrelevant to the question of whether a valid lease exists. The court agrees.

It is well-settled that a lessee's failure to pay rent merely renders the lease terminable at the option of the lessor. It does not, by itself, terminate the lease. In order for the lease to be terminated, the lessor must take some action declaring it to be so. *See generally* 11B M.J., *Landlord and Tenant*, §§ 42 and 43. Moreover, the lease between the parties here specifically provides that upon any act of default by the lessee, the lessor must give notice or take other specified affirmative action to terminate the lease. In short, the lease is not terminated, even if JEFFCO is in default, unless and until JHALP exercises its option to terminate. That option has not been exercised here. Accordingly, the personalty at issue remains subject to the lease agreement.

## 2. *Validity of Levy*

Turning now to the question of whether the leased personalty may be levied upon and sold, Va. Code § 8.01-478 provides, in pertinent part:

> The writ of fieri facias may be levied as well on the current money and bank notes, as on the goods and chattels of the judgment debtor . . .

Section 8.01-501 provides:

> Every writ of fieri facias shall, in addition to the lien it has under §§ 8.01-478 and 8.01-479 on what is capable of being levied on under those sections, be a lien from the time it is delivered to a sheriff or other officer to be executed, on all the personal estate of or to which the judgment debtor is, or may afterwards and on or before the return day of such writ become possessed or entitled, in which, from its nature, is not capable of being levied on under such sections . . . .

It is JEFFCO's position that leased personalty, or at least a lessor's interest in leased personalty, is "personal estate . . . which from its nature is not capable of being levied on." The court does not agree.

The question presented in this case has not been decided by our Supreme Court, and the authorities cited by the parties, as well as those found by the court, are in obvious conflict. For example, in 30 Am. Jur. 2d, *Executions*, § 175, it is said that "[t]he reversionary interest of a lessor of personalty has been held not to be subject to levy and sale on execution during the continuance of the lease . . . ." By contrast, 33 C.J.S., *Executions*, § 37, states that "[t]he interest of the lessor is subject to execution."

Likewise, there are cases from other states on both sides of the issue. In *Smith v. Niles*, 20 Vt. 106 (1848), for example, the court held that cattle which were leased for a term of years could not be attached and sold at

a sheriff's sale as property of the lessor prior to the expiration of the lease. On the other hand, the court in *R. Williams & Co. v. Farm & Home Savings & Loan Ass'n.*, 217 Mo. App. 554, 272 S.W. 1006 (1925), held that leased personalty was properly levied upon and sold in execution of a judgment against the lessor in spite of the lessee's present possessory interest.

In deciding between these conflicting authorities, the court is convinced that the purpose, history, and effect of levy and sale mandate holding that leased personalty may be levied upon and sold. First, it is obviously the purpose of the process of levy and sale to assist judgment creditors in collecting their judgments. It follows that wherever possible the statutes pertaining to that process must be interpreted to effectuate that purpose.

Second, those cases holding that leased property may not be levied on all base their holdings on the historical concept of a levy as requiring actual possession of the goods by the sheriff. Since the lessee under a pre-existing lease had a right of possession to the leased property superior to the judgment creditor's right of possession, and since the sheriff could only exercise whatever right of possession was held by the judgment creditor, the sheriff could not take possession of such property without committing a trespass against the lessee. *See, e.g., Smith v. Niles, supra.* This rationale, however, has been abrogated by the evolution of the concept of levy which now holds that actual possession by the sheriff is not necessary to effect a valid levy. *See, e.g., Dorrier v. Masters*, 83 Va. 459, 2 S.E. 927 (1887); *Palais v. DeJarnette*, 145 F.2d 953 (4th Cir. 1944). Thus, the fact that JEFFCO will retain possession of the personal property even after levy and sale does not effect the power of the sheriff to levy and sell.[1]

Third, the consequences of not allowing a levy as compared to the consequences of allowing a levy weigh

---

[1] As JEFFCO properly points out, the judgment creditor, as well as anyone who purchases the subject property at the sheriff's sale, can acquire no greater right in the property than is possessed by the judgment debtor. Specifically, the property will continue to be subject to the existing lease, with the purchaser at the sheriff's sale being vested with the rights of the lessor under that lease.

heavily in favor of allowance. In this regard, it must be remembered that if there were no lease, the judgment creditor would unquestionably be entitled to have the sheriff levy upon and sell the property. If a levy is not allowed because of the existence of a lease, the judgment creditor's right to collect a valid judgment will be frustrated,[2] the judgment debtor will continue to own the property, something it would not do if there were no lease, and the lessee will continue to possess the property. On the other hand, if a levy is allowed, the judgment creditor may be able to collect at least part of his judgment, the judgment debtor will lose its property exactly at it would if there were no lease, and the lessee will continue to possess the property. In other words, without a levy the debtor benefits and the creditor suffers; with a levy, the creditor benefits and the debtor suffers. The lessee's interest remains precisely the same. Under these circumstances, the court can think of absolutely no justification for making a special rule against a levy and sale, which rule would benefit the debtor and punish the creditor, simply because the property is leased.

Finally, JEFFCO asks the court to consider what it describes as "special considerations" -- specifically, the adverse impact which a public sale, with the attendant advertisements and publicity, will have on JEFFCO's business. While the matters mentioned by JEFFCO are not sufficient to override the plaintiff's right to collect his judgment, the fact that the subject property is, and will continue to be, located within the premises of an ongoing business does warrant some special accommodation with respect to the manner and contents of any advertisements, the time and conduct of prospective purchasers' inspections, and the manner of the actual sale itself. Accordingly, counsel for the parties are requested to confer with each other in an attempt to work out the details of the items just mentioned, and to arrange a hearing with the court during the week of June 12 to present a plan for the advertisement, inspection, and sale contemplated herein or,

---

[2] As previously mentioned, no rent is actually being received by JHALP, since JEFFCO is paying rent by way of a set-off. Thus, the judgment creditor's attempts at garnishment have been unsuccessful.

in the absence of agreement between the parties, to present their respective positions with regard to those matters.