[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 30, 1996
FACTS
The plaintiffs purchased the premises known as 33 Orient Lane in North Haven from the defendants Gary and Sheryl Esposito on June 17, 1993. Though the defendants represented that the property was free and clear of encumbrances, it was not. On June 14, 1993, the defendant General Motors Acceptance Corporation (GMAC) had filed a judgment lien on the land records.
The plaintiffs brought this action against the Espositos to recover the amount of the lien and subsequently cited in GMAC as an additional defendant. In this Motion to Discharge Judgment Lien, they seek to void the lien because, they claim, GMAC failed to follow the requirements of Section 52-351a of the C.G.S. In effect, the plaintiffs are asserting the alleged defenses of the Espositos.
The defendant GMAC concedes that it first communicated with the Espositos by letter dated June 16, 1993 and that letter did not satisfy Section 52-351a. Subsequently, on January 26, 1994, valid notice was sent to the defendant Gary Esposito.
DISCUSSION
The statute in question reads as follows:
 Sec. 52-351a. Notice of enforcement action to be given judgment debtor. When a lien is placed on any property or when any postjudgment paper, other than a wage execution or property execution levied against property of a natural person, is served on a third person, the judgment creditor shall send a copy of the lien, or of the papers so served, together with a statement as to where the lien was filed or on whom the papers were served, to the judgment debtor at his last-known address by first class mail, postage prepaid.
While the language is mandatory, there is no penalty for failure to comply with the precise conditions. The plaintiffs CT Page 1071 cite no Connecticut case to support the proposition that the lien is void or voidable. Their reliance on Warkentin v. Burns,223 Conn. 14 (1992), is misplaced as that case deals with a statutory cause of action and its required legal notice. The penalty for failing to adhere to the statute is specifically addressed.
In this case, though the letter of June 16, 1993 fails to comply with Section 52-351a, it does advise the defendant Gary Esposito that a judgment lien "has been filed on your property." It also notes that this defendant had been paying on the judgment so he was certainly aware of the debt. Finally, he is advised that a foreclosure may follow.
The defendant claims no prejudice to him by virtue of the notice coming in January of 1994, and in fact GMAC was not aware that the property had been sold, with the lien of record.
GMAC cites two cases in other jurisdictions to support its position. The Court finds those decisions interpreting similar statutes to be persuasive. Palais v. Dejarnette, 145 F.2d 953
(1944); Sellers v. Johnson, 63 S.E.2d 904 (1951).
GMAC took no active enforcement action prior to the valid notice of January 1994, and this being a recording state both the plaintiffs and the defendants were on notice of the lien recordation on the closing date.
It would also be both inequitable and contrary to public policy to adopt the plaintiffs' view of this statute.
The Court concludes that GMAC's compliance with Section 52-351a
was sufficient under the circumstances of this case. The Motion to Discharge is therefore denied.
 II
The defendant GMAC argues that this motion should be denied because the movants have not complied with the requirements of Section 49-51, dealing with "Discharge of invalid lien." Specifically, that section requires written notice to the lienor by one who seeks to discharge an invalid lien. The process set out in Section 49-51 is not the method employed here to attack the lien. GMAC was cited in by the plaintiffs as a necessary party. The Motion to Discharge was then filed as a part of the proceedings in this case. CT Page 1072
Section 49-51 addresses an entirely different set of circumstances where the parties are not before the Court in any proceeding and one seeks to discharge a lien. The process is then initiated by application to the Superior Court.
Relief on this claim is denied.
DeMayo, S.T.R.